The STATE of Texas, Petitioner,

v.

BAKER BROS. NURSERY, Respondent.

No. A–9086.

Supreme Court of Texas.

Feb. 20, 1963.

Rehearing Denied April 17, 1963.

Will Wilson, Atty. Gen., Austin, Morgan Nesbitt, Robert G. Scofield and Mitchell D. Stevens, Asst. Attys. Gen., for petitioner.

Simon & Simon, Fort Worth, for respondent.

GRIFFIN, Justice.

This is a condemnation suit brought by the State of Texas against Baker Bros. Nursery, a domestic corporation, to condemn 12.246 acres of land out of a 28 acre tract located within Tarrant County, Texas, and

the city limits of Fort Worth, Texas. Proper proceedings were instituted and an appeal taken from the award of the Commissioners to the County Court at Law of Tarrant County, Texas. On a trial before a jury and in response to the jury's answers to special issues, a judgment in favor of defendant Baker Bros. Nursery and against the State of Texas, as plaintiff, was awarded as follows: For the value of the land taken for the controlled access highway, $18,369.00; for the difference in value of the two remaining tracts of the original 28 acres, the sum of $4,290.00.

On an appeal by the defendant corporation to the Court of Civil Appeals, the cause was reversed and remanded to the trial court for a retrial. 357 S.W.2d 163.

The State is the petitioner in this court and complains of the action of the Court of Civil Appeals in holding that the admission of the testimony of the witness Lutz was reversible error.

In the Court of Civil Appeals, defendant had complained of the admission of the testimony of the witness Meacham, but the Court of Civil Appeals found no error in the admission of his testimony. We agree with this holding.

 This case was tried in the trial court prior to our decision in the case of State of Texas v. Oakley (1962) Tex., 356 S.W.2d 909, but the rulings of the trial court as to the testimony of the witnesses Meacham and Lutz were in conformity with that opinion. The Court of Civil Appeals recognized that the testimony of these two witnesses as to comparable sales as a basis for their respective opinions as to the market value of the tract here condemned was properly admitted in view of the fact that the court limited the testimony for the purpose of showing the information and data that they considered in arriving at the market value of this property. As to Lutz, the Court of Civil Appeals held there was no proper limitation on his testimony and therefore it was reversible error to admit this testimony.

In this we hold the Court of Civil Appeals erred. We have read the statement of facts and find the following:

When the State first asked Mr. Lutz if he found any sale of property which he considered as comparable to this (property) "upon which to form an opinion as to the market value of this property?" the following objection was made:

Counsel: "If the Court please, may I make the general objection that the matter of comparable sales and what this witness may have found about comparable sales are not admissible either as a part of his qualification or should he be permitted to testify to it as being immaterial, irrelevant, and hearsay testimony. In as much as Your Honor ruled on it before I understand Your Honor's ruling."

The Court: "You may have a running bill."

Counsel: "That I might have a running bill and then I won't have to be jumping up here."

The Court: "Overruled."

We have been unable to find any ruling of the court previously on objections to Lutz' testimony. We have read the testimony of witness Meacham—who preceded Lutz on the witness stand—and find objections as follows: "If the Court please, may it be considered that my objection to the comparable sales or other sales is immaterial and irrelevant and goes to all this line of testimony without my having to repeat the objection?" The Court: "Yes."

Counsel for the State then said:

"Your Honor, please, sir, I want to offer this in evidence for the limited purpose of showing what the appraiser considered in arriving at his opinion of the value and it's not offered as direct original evidence of the facts stated therein; it's a matter of showing the basis of his opinion."

Defendant's Counsel: "It doesn't make any difference what it is offered for;

it's either admissible or not admissible. It's not admissible and if he had the wrong information on this, which he well might have, then the testimony he is about to give this jury would be wrong."

The Court: "Overrule it and I permit it for the limited purpose showing the information data that he considered."

Presuming these objections are the prior ruling of the court referred to by defendant's counsel in his quoted objections to Lutz' testimony, they show the trial Judge was properly limiting this character of testimony. That this is true is shown by the following proceedings at the beginning of the defendant's counsel's cross examination of the witness Lutz:

COUNSEL: "If the Court please, in order that I may know my record is correct, I am going to move to strike *all* the testimony of this witness as relating to comparable sales on the ground as hearsay, immaterial and irrelevant."

THE COURT: "Well, I admit it for the limited purpose of showing the information and data that he considered in arriving at the market value of this property."

COUNSEL: "I still move to strike."

THE COURT: "Overruled."

We hold that the trial court properly limited Lutz' testimony and that this testimony was admissible within the limits as set out in Oakley.

■ The Court of Civil Appeals further held that it was error for the trial court to sustain a motion made by the State in advance of the trial, which not only sought to suppress any reference by counsel to, or any evidence of, the direction of the flow of travel upon the proposed limited access highway resulting from the condemnation, but further to likewise suppress reference or evidence of any circuity of travel occa-

sioned by such highway. This was not a case where all access to the new highway was denied, but a case where each remaining tract had access to the highway through the frontage roads alongside and parallel to the highway. Under these circumstances, there was no error by the trial court in sustaining the State's motion to suppress.

In the case of Pennysavers Oil Company v. State, (1960, Tex.Civ.App.), 334 S.W.2d 546, writ refused, it was said:

"The State has the right under the provisions of Art. 6674w, supra, and its police power, to provide for one-way traffic, no U turns, division barriers, no left or right turns, traffic lanes, speeding and parking regulations, circuitous routes; for the changing of highways generally, and is not responsible for loss of trade to abutting landowners as a result of the exercise of this police power, so long as it does not amount to a complete taking of the right of access. City of San Antonio v. Pigeonhole Parking of Texas, Inc., Tex., 311 S.W. 2d 218; Grapotte v. Adams [130 Tex. 587, 111 S.W.2d 690], supra; State, By and Through State Highway Commission v. Burk [200 Or. 211, 265 P.2d 783] (Oregon) supra."

See also Holbrook v. State (1962, Tex. Civ.App.) 355 S.W.2d 235, writ refused, n. r. e.

■ In the Court of Civil Appeals, defendant had an assignment of error that the trial court erred in refusing to submit separate issues as to the before and after value of the two severed tracts remaining by virtue of the construction of the highway. In State v. Oakley (1962, Tex.) 356 S.W.2d 909(3), we decided a similar contention adversely to the present claim of defendants. There was no error in the trial court's refusal to submit separate issues as to each of the two remaining tracts.

■ In the Court of Civil Appeals, defendant also claimed that the trial court

erred in refusing to admit in evidence a letter from the Mayor of the City of Arlington to Mr. J. B. Baker, Jr. of Baker Bros. Nursery, Inc. In this letter the City of Arlington proposed to permit defendant to take water from Lake Arlington to irrigate the 28 acres of land in controversy under certain conditions and with the right of the City to withdraw this permission at any time. The record shows that in order for defendant to have this irrigation water available, it was necessary to have permission from landowners whose land lay between the subject property and Lake Arlington. There was no showing of easements across these intervening lands in favor of defendant, also no showing of a binding contract between defendant and the City of Arlington which gave defendant the right to use water from the lake. There was no error in refusing to admit this letter.

By various other assignments in the Court of Civil Appeals, defendant complains that certain of its witnesses were not permitted full freedom to testify that the tract of land in question was best suited for use as a nursery and the establishment of a retail sales stand where their nursery products could be sold. There is testimony from defendant's witness that no such sales could be made at the time of the trial, and that it would be two to four years in the future before the nursery stock on the land would be developed enough to justify the establishment of a retail sales outlet. There was further testimony that this property was zoned against retail sales outlets. There was no testimony of probable change in zoning regulations. In City of Austin v. Cannizzo (1954), 153 Tex. 324, 267 S.W.2d 808(7–9), we said: "If the trial judge is satisfied from the evidence as a whole that there is no reasonable probability that existing restrictions may be lifted within a reasonable time, he should exclude evidence of value based on use for any purposes other than those to which it is restricted." Based on the record before him, we cannot say that the trial Judge erred in excluding the testimony.

See also Lower Nueces River Water Supply Dist. v. Sellers, (1959, Tex.Civ.App.) 323 S.W.2d 324(10), writ refused n. r. e.

We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.