Munday2 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 



NO. 3-90-236-CV





STATE OF TEXAS AND CITY OF AUSTIN,



 APPELLANTS


vs.





MUNDAY ENTERPRISES, TEXAS COMMERCE BANK-AUSTIN, N.A.


AND FIRST CITY NATIONAL BANK OF AUSTIN, f/k/a


CITY NATIONAL BANK OF AUSTIN,




 APPELLEES



 




FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY



NO. 1682, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 




 On motion for rehearing, the State argues that our original opinion erred in holding
that Munday was entitled to introduce evidence at trial on loss of access, visibility, and highway
construction activity, not as separate elements of damage, but as affecting the value of the
remainder tract. In support of its motion, the State relies primarily on State v. Baker Bros.
Nursery, 366 S.W.2d 212 (Tex. 1963), and State v. Wood Oil Distrib., Inc., 751 S.W.2d 863
(Tex. 1988). Because we believe that neither case controls and that each is distinguishable, we
will overrule this motion for rehearing.

 Baker Bros. Nursery concerned a condemnation suit brought by the State of Texas
to condemn 12.246 acres of land out of a twenty-eight acre tract located within the city limits of
Fort Worth, Texas. The condemned property was to be used for the construction of a controlled-access highway, leaving the Baker Bros. Nursery on a one-way frontage road after the project's
completion. Prior to trial, the State moved to suppress any reference regarding the direction of
traffic flow on the proposed limited-access highway and frontage road or "evidence of any circuity
of travel occasioned by such highway." Baker Bros. Nursery, 366 S.W.2d at 214. The trial court
granted the motion to suppress evidence, the court of appeals reversed, and the State sought
review in the Texas Supreme Court. Relying on Pennysavers Oil Co. v. State, 334 S.W.2d 546
(Tex. Civ. App. 1960, writ ref'd), the supreme court reversed the court of appeals holding that
the motion to suppress evidence was proper because the landowners' remainder property
continued to have some access to the new highway by means of a frontage road. Baker Bros.
Nursery, 366 S.W.2d at 214.

 The distinguishing features in Baker Bros. Nursery, that prevent it from controlling
the instant case are two-fold. First, the Texas Supreme Court in Baker Bros. Nursery relied
primarily on Pennysavers. Pennysavers was a condemnation case wherein the landowner sought
to recoup lost business profits as a separate element of damages resulting from the project in
question. Pennysavers reached the appellate court upon a negative jury finding which refused to
award any damages to the landowner. The Pennysavers court considered this finding important
and held that "[t]he jury correctly found, in effect, that the State had not damaged Appellant by
taking from it an access easement that it never had." 334 S.W.2d at 549. Therefore, the Texas
Supreme Court's opinion in Baker Bros. Nursery was premised upon a condemnation case wherein
the landowner was seeking lost business profits and failed to obtain a favorable jury finding on
the issue of damages. Baker Bros. Nursery and Pennysavers are markedly different from the
present case in which Munday did obtain a favorable jury finding on diminution of the fair market
value of the remainder property and was not seeking damages for loss of business profits. 

 Secondly, in Baker Bros. Nursery, as is noted in the court of appeal's opinion, the
landowner was permitted to introduce evidence of the depreciation in market value of the
remainder property even though the trial court had granted the motion to suppress evidence. In
commenting upon that assignment of error, the court of appeals stated:



As a matter of fact the evidence placed before the jury did demonstrate all material
facts concerning the accessibility of the property remaining in the condemnee after
condemnation and after the completion of the highway facility, as such might have
bearing upon the increase or decrease in the value of condemnee's remaining
property. Therefore, we do not believe any prejudice was occasioned.



State v. Baker Bros. Nursery, 357 S.W.2d 163, 167 (Tex. Civ. App. (1962) (emphasis added)
rev'd on other grounds, 366 S.W.2d 212 (Tex. 1963). At trial, therefore, the landowner in
Baker Bros. Nursery was allowed not only to introduce evidence but also to seek recovery for the
possible diminution in value of the remainder property. Our original opinion provides Munday
with no more extensive relief in the present case. 

 Likewise, in Wood Oil Distrib., the trial court had granted the State's motion in
limine prohibiting the landowner from questioning witnesses with regard to travel diversion or
circuity of travel. 751 S.W.2d at 865. The court of appeals reversed the trial court's decision
in this regard, but the Texas Supreme Court once again reversed and upheld the trial court,
holding as follows:



It is well settled that damages to a condemnee's business which result merely from
traffic being required to travel a more circuitous route to reach a condemnee's
property are not compensable. City of San Antonio v. Olivares, 505 S.W.2d 526,
529 (Tex. 1974); City of Houston v. Fox, 444 S.W.2d 591, 593 (Tex. 1969); City
of Waco v. Texland Corp., 446 S.W.2d 1, 2 (Tex. 1969); City of Beaumont v.
Marks, 443 S.W.2d 253, 257 (Tex. 1969).



Id. (emphasis added). It is significant that the cases relied upon in Wood Oil Distrib., (i.e.,
Olivares, Fox, Texland Corp. and Marks) were all inverse condemnation cases wherein the
landowner was seeking damages absent any physical taking of real property. In addition, in Wood
Oil Distrib., just as in Baker Bros. Nursery, the court of appeals commented that the landowner
was allowed, at trial, to examine witnesses and put on evidence regarding the diminished value
of the remainder tract.

 Baker Bros. Nursery and Wood Oil are premised upon either inverse condemnation
cases or cases wherein the landowner sought independent damages for loss of business profits. 
Further, in each case the landowner was ultimately permitted to introduce evidence on the
diminished value of the remainder property as a result of the loss of access rights. For these
reasons, we do not regard either case as controlling. Therefore, the State's motion for rehearing
is overruled.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Filed: March 11, 1992

[Publish]