CASE 89—PETITION EQUITY—MAY 16.

## Brown, &c., v. Anderson.

### APPEAL FROM LINCOLN CIRCUIT COURT.

1. CONSTRUCTION OF DEED—EXCEPTIONS AND RESERVATIONS.—By a clause in a deed "excepting and reserving one-half acre of land of said tract, being the old family graveyard of the grantor, together with the right of way to said graveyard," the parties to the deed intended the half acre of land referred to to be used for no other purpose than a graveyard, and for the interment of no other class of persons than answer the description of the grantor's family, and also intended the right of way reserved to be used by no other persons. Therefore, the grantor's family have no right to license others to use said graveyard or right of way.

2. SAME.—The word "family" was intended to embrace not merely those of the grantor's children who were at the time members of his household, but also his lineal descendants generally.

3. SAME.—As both the terms "excepting" and "reserving" are used in the clause quoted, it is to be presumed they were to have a distinct meaning and application.

4. SAME.—A reservation is a clause in a deed whereby the grantor reserves some new thing to himself issuing out of the thing granted and not in use before; but an exception is always of a part of the thing granted, or out of the general words or description of the grant.

·J. W. ALCORN FOR APPELLANTS.

⸝The following provision in a deed: "All of which land is hereby conveyed to the grantees *excepting* and *reserving* one-half acre of land of said tract, being the old family graveyard of grantor, together with the right of way to said graveyard," was an exception of one-half of an

Vol. 88—37

acre out of the land conveyed and a reservation of the right of way. So the title to the half acre did not pass by the deed. (Washburn on Real Property, vol. 3, p. 639; Kent's Commentaries, vol. 4, p. 468.)

R. P. JACOBS FOR APPELLEE.

1. An exception is of a part of a thing contained in the grant, and a reservation is of some new right not in existence at the making of the grant. (Washburn on Real Property, vol. 3, pp. 369–375.)
2. The term, "family graveyard of grantor" limits the use of the half acre to the purpose of burial and to the family of grantor. (City of Alton v. Illinois, 52 Am. Dc., 479, 321.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellants, descendants of Ellis W. Brown, instituted this action for an injunction to prevent appellee in any way disturbing them, or persons acting by their authority or permission, in the unrestricted legitimate use of a certain half acre of land and of a passway to it, which is or was part of a tract of 204 acres conveyed in 1869 by Brown to C. and B. Fowler, and by them, in 1883, to appellee. And whether they are entitled to the complete relief prayed for depends upon the proper construction of the following clause in the deed of 1869: "All which land is hereby conveyed to the grantees, excepting and reserving one-half acre of land of said tract, being the old family graveyard of the grantor, together with the right of way to said graveyard."

It is to us clear the parties to the deed intended the word *family* to embrace, not merely those of the grantor's children who were at the time members of his household, but, also, his lineal descendants generally. And the right of appellants to the use for themselves of the half acre as a burial place, and of a way to it, seems to be conceded by appellee and recognized in the judgment of

the lower court. But they claim the farther right to license others, not descendants of the grantor, to use it for the same purpose, and therein is involved the issue for us to decide.

As both the terms *excepting* and *reserving* are used in the clause quoted, it is to be presumed they were intended to have a distinct meaning and application.

" A reservation is a clause in a deed whereby the grantor reserves some *new* thing to himself issuing out of the thing granted and not *in esse* before; but an exception is always of a part of the thing granted, or out of the general words or description of the grant." (4 Kent, 468.) Accordingly the latter term can alone relate to the estate or interest of the grantor in the half acre of land, and the consequence of his *excepting* it was, if that word is to have its technical meaning without any qualification, that the thing excepted remained with him, " with like force and effect" as if no grant had been made. On the other hand, the right of way did not exist at all prior to the grant because, being an easement, there was nothing to which it could attach while the entire tract was owned by the grantor, and it came into existence in virtue of the reservation; but the extent to which and by whom it can be fairly and legitimately enjoyed depends upon the purpose for which the half acre was intended to be used, and the character of estate therein excepted from the grant.

The main inquiry, then, is whether the word *excepting* is to be understood and applied with or without qualification.

We do not agree with counsel that the words " old

family graveyard" were used simply to describe and identify the parcel of land excepted from the grant. On the contrary, they were evidently intended, and, according to their natural import, do indicate, with reasonable certainty, the purpose for which the half acre was excepted and the persons for whose benefit it was excepted. And when we consider the size and situation of it inside the boundary of a farm of 200 acres, and the natural and proper signification of the language, it becomes clear parties to the deed intended it to be used for no other purpose than a graveyard and for the interment of no other class of persons than answer the description of the grantor's family, in the plain meaning of that word. For we can conceive of no other purpose the grantor had in view, nor presume he intended to make such provision for any other persons. Neither is it reasonable the grantee intended or understood the legal effect of that clause of the deed to be to give to the grantor and his descendants the absolute right to license whoever and whatever number of strangers they might see fit to not only be buried there, but, as a necessary incident, to go to and from the graveyard over his adjacent land *ad libitum*, singly and in multitudes. Besides, if the estate of appellants in the half acre be, as they claim, absolute and without condition of its use, it follows, of course, they may not only abandon it as a graveyard, still retaining the possession and right of way to it, but sell and convey it to strangers to be used for that or any other purpose, however injurious or offensive to the owner and occupant of the other part of the original tract.

Though the fee simple title may be in appellants, about

which it is not necessary to decide, the parties to the deed had the right to annex a condition of the use and enjoyment by the grantor and his descendants of the estate in the half acre, and that they did intend to limit the use of it and the right of way to it for the sole purpose of a family graveyard, and for the sole benefit of the persons mentioned, we are satisfied. And, such being the case, the right to license others to use it is repugnant as well to the language used as to the manifest intention of the parties, and, therefore, can not be implied.

Judgment affirmed.