PARKER *v.* PARKER.

Opinion delivered May 22, 1911.

DEEDS—RESERVATION OF ROAD.—Where a grantor conveyed land and reserved or excepted a road through said land to other land owned by him, he will be held not to have reserved or excepted the fee in such road, but merely to have reserved or excepted an easement or private way over the land.

Appeal from Pike Chancery Court; *James D. Shaver,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

Burton Parker instituted this suit against Cullen Parker in the chancery court, and in his complaint alleged that he had conveyed to defendant certain lands in Pike County by a deed in which was excepted the fee to a private road over said lands. That defendant is asserting title in the soil of said road, and is

interfering with plaintiff's use of the same. The prayer of the complaint is that the title to the fee in said road be quieted and confirmed in the plaintiff, and that the defendant be perpetually restrained from in any manner interfering with plaintiff's right to use said road.

The defendant filed an answer, in which he claimed title to the land over which said road runs, but denied that he had in any manner interfered with plaintiff in his use of said road. He prays that the plaintiff be enjoined from asserting title to the lands embraced in said road. The plaintiff and defendant are brothers.

The testimony of the plaintiff shows that in August, 1905, he purchased from James M. E. Dickson about 300 acres of land situated in Pike County, Arkansas, and received a deed therefor. That in January, 1906, he executed to defendant a deed to 100 acres of said land, and that the granting clause of said deed contained the following: "I, the said Burton Parker, reserve a road through said land to my bottom land." That he travelled a road which ran through the 100 acres he sold his brother in order to reach his bottom land. That there was no other way to go from his residence to his bottom land except by this road. That some time after he had delivered the deed to his brother he found out that he had erased the above-quoted clause from the deed, and had then filed it for record. That the defendant had placed logs and other obstructions in said road in order to prevent him from using it.

The defendant says that he was interested in the purchase of the 300 acres from Dickson. That the purchase price was $1,800, of which he paid $500, and it was agreed that he should have an undivided one-third interest in the land. That the deed should be made to the plaintiff, and that plaintiff was to deed him 100 acres of the land as soon as they could divide it. That subsequently plaintiff executed to him the deed, and that it contained the following clause: "I, Burton Parker, retain an interest in a road in said land." That when he went home he read the deed and discovered this clause in the deed. That he then went to the plaintiff and asked him who put that interest in the road in the deed. That plaintiff replied, he did. That he then told plaintiff that he would have to make a new deed or erase that

interest in the road off of it.   That plaintiff agreed that the clause in question should be erased, and that he then went home, and had his daughter to make the erasure.   Defendant denied that he had in any way interfered with plaintiff in the use of the road.

Other testimony was introduced by each party to corroborate his statement.

The chancellor found that the title to the fee in the land occupied by the road was in the defendant, but that the plaintiff had an easement for the purpose of egress and ingress to his bottom lands.   A decree was entered quieting the title in the defendant, and restraining him from in any manner molesting the plaintiff in his right to use said road for the purpose of egress and ingress to his bottom lands.

The plaintiff has appealed to this court.

*Sain & Sain* and *T. D. Crawford,* for appellant.

1.   Appellee's erasure of the clause reserving the roadway, after he had accepted the deed, was no more effective to vest in himself the title to roadway than the destruction, cancellation or surrender of a deed after delivery.   80 Ark. 8; 1 Devlin on Deeds, § 300.

2.   While the deed uses the word "reserve" in reference to the road, the proper term would have been "except," and the effect of the clause was to except the title to the ground occupied by the roadway.   4 Gray 151; Co. Litt. 47a; 53 N. Y. 44, 13 Am. Rep. 470.

*George A. McConnell,* for appellant.

Under the pleadings and proof, appellant and appellee were jointly interested in the purchase of the land; and when appellant took a deed conveying title to himself, a resulting trust arose in favor of appellee.   It was therefore appellant's duty as trustee to convey to appellee by the same kind of conveyance he himself had.   64 Ark. 155; 1 Bouvier's Inst. Law, § 1914; 104 Ala. 355.

HART, J., (after stating the facts).   The sole contention of counsel for the plaintiff is that the clause in the deed, "I, the said Burton Parker, reserve a road through said land to my bottom lands," constitutes an exception.

"A reservation is a clause in a deed whereby the grantor reserves some new thing to himself, issuing out of the thing

granted and not *in esse* before; but an exception is always part of the thing granted, or out of the general words or description of the grant." 4 Kent, 468; *Stone* v. *Stone,* 141 Ia. 438, 18 Am. & Eng. Ann. Cas. p. 797 and case note.

It must be conceded, however, that the terms "exception" and "reservation" are frequently used indiscriminately in deeds, depending upon the intention of the parties as expressed in the deed.

Counsel for plaintiff rely upon the case of *Stearns* v. *Mullen,* 4 Gray (Mass.), 151, to sustain their contention that the fee to the soil of the road was reserved to the grantor by the clause in question. We can not agree with their contention. There the estate granted was described by metes and bounds, and the passageway in question was not included within the boundaries of the grant, and a right-of-way in the passageway was also given to the grantee. The court said: "If it had been intended to pass the fee to the soil of the land to the grantee, he would have bounded it, on that side, on Champion's heirs, who were his coterminous proprietors on the other side of the land, and would then have reserved to himself and his heirs the easement of a right-of-way, instead of granting one to the grantee of the lot."

In the instant case the lands conveyed were described by metes and bounds, and the road was a private way, and was included in the boundaries of the grant. The language in the clause in question carries its own interpretation. In plain terms, it reserves a road over the land granted and does not except or reserve the land for a road. It was the evident intention of the grantor to reserve to himself a private way over the lands contained in the grant to his bottom lands. If he intended to reserve anything more than a way over the land, his intent should have been manifested in the deed.

As illustrative cases, we cite the following: *Abraham* v. *Abbott,* 8 Ore. 53; *Winston* v. *Johnson,* 42 Minn. 398; *Kister* v. *Reeser,* 98 Pa. St. 1, 42 Am. Rep. 608; *Brown* v. *Anderson,* 88 Ky. 577; *Ashcroft* v. *Eastern Railroad Co,* 126 Mass. 196.

The principle announced has also been decided by this court. See *Field* v. *Morris,* 88 Ark. 148.

Hence we conclude that the clause in question did not except the fee of the soil in the road from the grant, but only created an easement or private way over the land.

The decree will be affirmed.