**CITY OF WACO, Appellant,**

v.

**TEXLAND CORPORATION and
W. M. Kelly, Appellees.**

**No. 4687.**

Court of Civil Appeals of Texas.

Waco.

Feb. 21, 1968.

Rehearing Denied March 14, 1968.

Earl Bracken, Jr., City Attorney, Waco, for appellant.

John F. Sheehy, Bryan, Wilson, Olson & Stem, D. M. Wilson, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

Plaintiffs Texland and Kelly filed separate suits against the City of Waco to recover damages to their properties, caused by the construction by the City of a viaduct on 17th Street, on which plaintiffs' properties fronted. No properties of plaintiffs were physically appropriated by the City, but access to plaintiffs' properties was impaired by the viaduct. The trial court consolidated such suits. Trial was to a jury which found that Texland's property was damaged $9,500 and that Kelly's property was damaged $6,000 by construction of the viaduct. The trial court rendered judgment for plaintiffs on the verdict.

The City appeals, contending "the trial court erred in awarding any monetary damage to plaintiffs, as all of the damages alleged and proved are damnum absque injuria."

The question presented is whether damages for the diminishment in value of plaintiffs' property resulting from impairment of access is recoverable under Article I, Sec. 17 of the Constitution of Texas, Vernon's Ann.St., which provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made * * *."

# DIAGRAM

**DuPUY v. CITY OF WACO**
Cite as 396 S.W.2d 103

VIEW OF 17th STREET OVERPASS AND ENVIRONS DEPICTING WAYS OF INGRESS TO AND EGRESS FROM DU PUY OXYGEN SUPPLY COMPANY

The location of plaintiffs' properties is superimposed on the Supreme Court's diagram in the DuPuy case. Prior to construction of the viaduct, Texland fronted on 17th Street and sided on Mary, and Kelly fronted on 17th Street and sided on Mary. The viaduct elevated 17th Street above the properties, and left access to the front by a way under the viaduct between the supporting columns; but 17th Street dead ends at DuPuy's property on the north, and between Jackson and Webster on the south. Plaintiffs' properties have access to Mary Avenue, and the City contends that Mary Avenue furnishes adequate access to plaintiffs' properties. Mary Avenue is primarily a railroad street, with the main line of the Cotton Belt Railroad running down the center, and with 2 switch tracks on each side. The record reflects that in order to load or unload goods in and out of plaintiffs' building from Mary Avenue, it is necessary to block the main line of the Cotton Belt Railroad.

■ This Court and our Supreme Court have considered the problem presented in DuPuy v. City of Waco, Tex., 396 S.W.2d 103, and in Archenhold Auto Supply Co. v. City of Waco, Tex., 396 S.W. 2d 111. In such cases the rule is laid down that a physical taking of the property is not required under Article I, Sec. 17 of the Constitution of Texas to entitle the owner to compensation; and that the test for such compensation is whether the plaintiff is left with reasonable access to his property. It is further held that whether the property owner has been deprived of reasonable access is a question of law.

In the DuPuy case, supra, the Supreme Court held that "It is not enough that DuPuy can get to the system of public roads and the traveling public can get to his building. We are clear in the view that the construction of the viaduct has deprived DuPuy of reasonable access which entitles him to invoke the provision of the Constitution requiring the payment of compensation when property is damaged for a public use." As noted on the diagram, DuPuy had access to the streets of Waco on the lower level of 17th Street through the concrete columns, and access through a paved alley to Franklin Avenue.

In the Archenhold case, supra, the Supreme Court held that the property of Archenhold was more favorably circumstanced than the property of DuPuy, and that Archenhold's fronting on, and access to Franklin Avenue, left him with substantial and reasonable access. The court further held that "one of two public streets (on which a property owner is situated) may be closed without compensation to an abutting landowner *if the remaining street furnishes suitable means of access."*

■ In the instant case, plaintiff's access is poorer and more restricted than that of Archenhold, and we think no better than that of DuPuy.

Archenhold had access on Franklin Avenue, in addition to the lower level of 17th Street. Plaintiffs here have access to Mary Avenue, in addition to the lower level of 17th Street (which terminates on each end in a cul de sac). But Franklin Avenue is a main and unobstructed thoroughfare; and Mary Avenue is impaired and obstructed by the presence of three railroad tracks. The impairment and obstruction of a street by the presence of railroad tracks on same is obvious, and is recognized by the Supreme Court in DuPuy, as well as in Gulf, C. & S. F. R. Co. v. Eddins, 60 Tex. 656. We think plaintiffs' access by way of Mary Avenue unsuitable because of the presence of the railroad tracks.

From the record, we conclude that under the authorities cited, plaintiffs have been deprived of reasonable access to their properties. The City of Waco's contention is overruled. Affirmed.