Raymond BRANDENBURG et ux *v.*
Olin BROOKS, Jr. et ux

78-208                                  576 S.W. 2d 196

Opinion delivered January 29, 1979
(Division I)

*Floyd G. Rogers,* for appellants.

*Creekmore & Harriman,* by: *Marril Harriman,* for appellees.

CONLEY BYRD, Justice. Appellants Raymond Branden-
burg, et ux, claimed an easement by way of necessity across
property owned by appellees Mr. and Mrs. Olin Brooks, Jr.
At the close of appellants' proof the trial court directed a ver-
dict in favor of appellees.

The evidence stated most favorably to appellants, as we

must do in reviewing a directed verdict, *Werbe v. Holt,* 217 Ark. 198, 229 S.W. 2d 225 (1950), shows that appellees at one time owned the SW SW Sec. 4, T. 10 N, R 29 W. They sold the South 20 acres to their adjoining neighbors Mr. and Mrs. Pat Kelly. Mrs. Kelly testified that at the time of the purchase from the appellees they agreed that the Kellys' would have access to the South 20 through the remaining 20 acres owned by appellees. Mrs. Kelly says there is no other access to the property with anything but a tractor. Appellant Brooks also testified that there was no access except across the North 20 of appellees. He stated that because of the natural terrain it was impossible to get to the property across any lands of the Kellys' except by a tractor.

We recognize that there is a conflict in the authorities as to the degree of necessity required before a way of necessity may be implied. Some authorities maintain that a reasonable necessity is sufficient, but other authorities require strict or absolute necessity. In any case, it appears that a way of necessity must be more than one of mere convenience. See 25 Am. Jur. 2d Easements and Licenses § 37. Furthermore, the authorities recognize that a way of necessity over remaining lands of the grantor, created by implied grant upon the severance of land, being appurtenant to the granted land, passes by each conveyance to subsequent grantees thereof, 25 Am. Jur. 2d Easements and Licenses § 95.

When the evidence in the record is considered in the light most favorable to appellants, we must conclude that there was substantial evidence from which the trial court could have found that because of the natural terrain appellants were entitled to an easement of necessity — *i.e.,* a reasonable necessity.

We note that appellant's abstract of the testimony does not strictly comply with Supreme Court Rule 9(d) — not being a complete condensation or abridgment of the record. Rather than require appellants to reprint their brief, we direct the clerk to disallow any briefing costs to appellant.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and PURTLE, JJ.