Morris TEAGUE and Jo Ann TEAGUE *v.*
Charles RAINES

CA 80-159                                        605 S.W. 2d 485

Court of Appeals of Arkansas
Opinion delivered September 24, 1980

*Murphy & Carlisle*, by: *John Wm. Murphy*, for appellants.

*Morril Harriman*, for appellee.

GEORGE HOWARD, JR., Judge. This is an appeal from a decree dismissing appellants' petition seeking injunctive relief requiring appellee to remove a gate and other obstruction — rocks and debris — from a roadway that crosses property owned by appellee which, purportedly, affords appellants access to land owned by appellants.

The requested relief was predicated on the grounds that:

1. The general public, including appellants, over the years had acquired an easement by prescription for ingress and egress over the road.

2. Appellants had acquired an easement of necessity over appellee's lands.

The trial court made the following findings:

1. ". . . [A]ny road upon or through the defendant's property should be found to be wholly owned by

the defendant and to have been abandoned by the public.

2. ". . . [P]laintiffs do not require an easement of necessity over and through the property of defendant . . . plaintiffs have complete access to the properties of the plaintiffs."

It is settled law that findings of fact of a chancellor will not be set aside by an appellate court unless they are "clearly erroneous (clearly against the preponderance of the evidence)" even though the case is reviewed *de novo. Moore* v. *Smith*, 255 Ark. 249, 499 S.W. 2d 634 (1973); *Campbell* v. *Richardson*, 250 Ark. 1130, 468 S.W. 2d 248 (1971); *Harrison* v. *Collins, et al.*, 247 Ark. 210, 444 S.W. 2d 861 (1969); Rule 52 of the Rules of Civil Procedure.

We now turn to the evidence to determine whether the chancellor's findings are clearly against the preponderance of the evidence as asserted by appellants.

Appellants are the owners of a 43 acre tract of land that surrounds, in a semi-circle, a three acre tract of land owned by the appellee. Appellee's south boundary and approximately three hundred feet of appellants' south boundary, which are adjacent to appellee's east boundary, front the north right-of-way line of Highway 282.

Appellants acquired a portion of their 43 acres in 1963 from one John Furlow and in 1965, appellants acquired a parcel of land that lies north of appellee's northwest corner from one Pace. Appellants' land that lies east of appellee's property and fronts Highway 282 was acquired sometime after 1965.

Appellee acquired his property in 1963 and later sold it in 1966, but repurchased it in 1977 from one Glenn Cluck.

The road in question, and which has been referred to as a trail in the testimony, is located on the extreme west side of appellee's property. This roadway, which has an entrance that joins Highway 282, extends across appellee's property to

his north boundary line, and continues to the parcel of land that appellants acquired from Pace.[1]

Morris Teague testified that while the general public has made use of this road for 50 years, he has used it for 19 years in order to gain access to the property he acquired in 1965; that on May 1, 1978, appellee closed the road by installing a gate near the entrance at Highway 282 and placed rock and debris in the roadway which prevent the appellants and the public in general from exercising their right of ingress and egress over appellee's property.

On the other hand, appellee testified that since he repurchased the property in 1977, appellants have made use of the road on only one occasion; and that the road was closed in order to afford his cattle a larger pasture area. Appellee also testified that appellants have access to their property over and through the three hundred feet of land that fronts Highway 282.

Appellants called several witnesses whose testimony may be summarized as: that they used the road occasionally to hunt, fish or cut firewood off of the property owned by the appellants. One witness for appellants, Emery Serratt, testified that he had not actually driven on the road in 20 or 25 years; and that the last time he used the road was in 1969 or 1970 when he went rabbit hunting.

Witnesses for the appellee testified essentially that they do not recall anyone using the road after 1965.

While the testimony offered by the witnesses may have some relevance to the issues before us, we believe that appellee's exhibit A, a decree of the Crawford County Chancery Court issued on October 4, 1965, involving a case where appellants were defendants in an action brought by Virgil Marston and Tempie Marston to quiet title to property now owned by appellee and on which the road in ques-

---

[1]A dwelling house that was located on the Pace property when appellants bought the property is no longer in existence. In addition, a second dwelling house, identified as the "Dement Property", and which is located in the same area, has not been occupied for the past ten years.

tion is located, is determinative of the question relating to appellants' claim of an easement by prescription.

The decree provides:

"The Court further finds that the Defendants, Morris Teague and Jo Ann Teague, *have no interest of any nature in and to subject lands*; . . . (Emphasis added)

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that title to the above described property is forever quieted and confirmed in . . . Virgil Marston and Tempie Marston, and that any claim of ownership of the De-. fendants, . . . is hereby removed as a cloud upon the Plaintiffs' title. . . ."

It is apparent that the Crawford Chancery decree divested whatever interest appellants possessed in appellee's roadway out of appellants and vested the interest in appellee's predecessors. Consequently, in order for appellants to establish their claim of an easement by prescription, it was incumbent on them to show that since October 4, 1965, they have used appellee's roadway openly, notoriously, adversely and continuously for seven years, and with knowledge to appellee that it was being used adversely. *St. Louis Southwestern Railway Company* v. *Elmore*, 185 Ark. 364, 47 S.W. 2d 39 (1932); *McGill* v. *Miller*, 172 Ark. 390, 288 S.W. 2d 932 (1926); *Johnson, et al.* v. *Lewis, et al.*, 47 Ark. 66, 2 S.W. 329 (1885). it is settled law that mere use of another's lands does not ripen into a prescriptive right unless the circumstances are such as to put the owner on notice that the property is being used adversely under a claim of right. *Sebastian Lake Developments, Inc.* v. *United Tel. Co.*, 240 Ark. 76, 398 S.W. 2d 208 (1966); *Wilson* v. *Brandenburg*, 252 Ark. 921, 481 S.W. 2d 715 (1972).

Use of unenclosed lands for passage is presumed to be permissive and not adverse. *Corruthers* v. *King*, 235 Ark. 977, 363 S.W. 2d 413 (1963); *Rochelle* v. *Piles*, 244 Ark. 606, 427 S.W. 2d 10 (1968). The individual asserting an easement by prescription has the burden of proof to show by a

preponderance of the evidence that use of the roadway has been adverse to the owner and his predecessors in title under claim of right for the statutory period. *Stone* v. *Halliburton*, 244 Ark. 392, 425 S.W. 2d 375 (1968). The determination of whether use of the roadway is adverse or permissive presents a fact question. *Hoover* v. *Smith*, 248 Ark. 443, 451 S.W. 2d 877 (1970); *Stone* v. *Halliburton*, supra.

The testimony offered by both the appellants and appellee regarding the use of appellee's roadway by the public in general and appellants in particular is conflicting. Appellee testified that he had seen the appellants make use of the roadway once or twice, while some of the witnesses for appellee testified that they had not seen anyone use the roadway with the exception of appellee. On the other hand, appellants testified that they have used the roadway continuously over the years and their witnesses testified that appellants, as well as the witnesses themselves, made use of the roadway periodically. Under these circumstances, it was the duty of the chancellor to determine credibility and accord the evidence its proper weight. We are unable to say, from this record, that the findings of the chancellor to the effect that appellants have no easement by prescription in appellee's roadway is clearly erroneous or clearly against the preponderance of the evidence.

Finally, we are also persuaded that the chancellor's finding that appellants did not acquire an easement of necessity over appellee's roadway is not clearly erroneous or against a preponderance of the evidence. The evidence reflects that appellants have approximately 300 feet of land fronting Highway 282 which afford them ingress and egress to their property. Appellants argue that in order to gain access to their property north of appellee's property, over their own lands, appellants would be required to expend approximately $2,000.00 in constructing a roadway. Appellee disputes appellants' contention. Appellee testified that he had observed Mr. Teague driving his pickup truck in the vicinity of the Pace property without making use of appellee's roadway. Indeed, the trial court was presented with a fact question as to whether appellants had access to their property over their own lands.

The Arkansas Supreme Court in articulating the basis upon which an easement by way of necessity rests explained in *Boullioun* v. *Constantine*, 186 Ark. 625, 54 S.W. 2d 986 (1932):

> The rule is laid down by Chancellor Kent in his Commentaries in speaking of a way of necessity that 'it is either created by express words or it is created by operation of law as incident to the grant, so that in both cases the grant is the foundation of the title'; . . . 'A way of necessity can only be raised out of land granted or reserved by the grantor, but not out of land of a stranger, for, if one owns land to which he has no access except over the lands of a stranger, he has not thereby any right to go across these for the purpose of reaching his own.'

The record before us does not reflect that appellants' grantor of the property north of appellee's lands was also the grantor under whom appellee claims title. Hence, it is plain that appellee is a stranger to appellants' title.

Affirmed.