Jack D. WALLNER and Billie Frank WALLNER,
Husband and Wife *v.* Charles E. JOHNSON, et al.

CA 87-11 730 S.W.2d 253

Court of Appeals of Arkansas
Division I
Opinion delivered May 27, 1987

126

*Mashburn & Taylor,* by: *W. H. Taylor,* for appellants.

*Vowell & Atchley,* by: *Stevan E. Vowell,* for appellees.

DONALD L. CORBIN, Chief Judge. Appellants, Jack Wallner and Billie Frank Wallner, appeal a decision of the Carroll County Chancery Court which held that, because appellees, Charles Johnson, Joan Johnson, George Young, Florence Young, Harvey McBride and Janie McBride, are the assigns of Lura Derthick, their distant predecessor in title, who reserved the use of a certain roadway in a 1934 right-of-way deed to Azelia and Adah Lewis, appellees have the right to use the roadway. Appellees cross-appeal contending the chancellor erred in finding they had not acquired a prescriptive easement to the roadway and in holding that a gate across the roadway maintained by appellants was not a material interference with appellees' use of the roadway. We affirm the chancellor's decision as modified.

In 1934, Lura Derthick, appellees' predecessor in title, conveyed to the Lewises, their heirs and assigns, a right of way for the purpose of a road across Mrs. Derthick's land. The right-of-way deed provided "that Mrs. Derthick, her heirs and assigns shall be permitted to use said road herein conveyed. . . . It is agreed that the terms, covenants and agreements contained herein shall extend to and be firmly binding on the heirs, executors, administrators or assigns of the parties hereto." The Lewises owned the property adjacent to Mrs. Derthick, and the right-of-way deed for the road across the Derthick property gave the Lewises access from State Highway 23 directly to their property. Through the years, the Derthick property in its entirety was conveyed by warranty deed to various successors in interest. In 1963, Willis and Ruth Sutcliffe, who owned the Derthick property, conveyed a parcel of their land to appellees Young. The deed to the Youngs described the land conveyed in relation to "where Lewis Road intersects Highway No. 23." In 1972, the Sutcliffes conveyed the first of two parcels of property to appellees Johnson. This deed described the land conveyed as "lying Southeast of the Adah Lewis road." The next year, the Sutcliffes again sold a parcel of property to appellees Johnson, and the land conveyed was described as bounded by the Lewis road. In 1980, appellees Johnson sold a parcel of the land which they had purchased from the Sutcliffes to appellees McBride.

Through the years, the right of way granted by Lura Derthick to the Lewises was conveyed to various successors in interest and was purchased by appellants in 1979. In 1985, appellants obtained a quitclaim deed from Ruth Sutcliffe to her interest in the fee title to the road bed. Appellants have asserted that they now hold the unencumbered fee to the road bed on the ground that their right-of-way interest merged with their acquisition of the Sutcliffes' fee interest.

In 1985, appellants erected a gate across the road near its intersection with Highway 23. Appellees then sued for an injunction requiring appellants to remove the gate and refrain from obstructing the road in any manner in the future and for a declaration that the road is a public road and that the appellees are entitled to a prescriptive easement, as well as an easement by necessity. At trial, the appellees introduced eighteen exhibits to establish a chain of title to the properties owned by the parties;

these exhibits were admitted without objection. Much testimony was also taken as to the use of the roadway in question by the parties and the public.

In his order, the chancellor denied appellees' complaint for a permanent injunction and held that appellees failed to prove that the roadway had been held in adverse possession by the general public or that the appellees had established a prescriptive right in the roadway. The chancellor found that there was no proof of notice of hostile use of the roadway by appellees. The chancellor further found that Mrs. Derthick's reservation of the use of the road bed extended beyond her personal use for the use of the road by her heirs and assigns (appellees). The chancellor also held that the purchase by appellants of the legal title to the road bed did not deny the assigns of Lura Derthick the right to use the roadway and that the merger of appellants' title was subject to the easement rights of appellees. The chancellor held that appellants have the right to maintain the roadway as long as they do not materially interfere with appellees' enjoyment of the easement or place additional burdens on the adjoining landowners' property and that the erection and maintenance of a gate across the roadway is permissible as long as it is well-maintained and unlocked.

In their appeal, appellants assert two points: (1) the chancellor erred as a matter of law when he concluded that appellees are the assigns of Lura Derthick because the reservation retained by Lura Derthick does not run to the abutting property now owned by appellees; and, (2) no evidence was introduced to reflect that appellees are in fact the assigns of Lura Derthick. In their cross-appeal, appellees argue (1) that the chancellor erred in holding that appellees failed to establish an easement by prescription; and, (2) the chancellor erred in holding that the erection and maintenance of the gate by appellants is not a material interference with appellees' use and enjoyment of the roadway.

In deciding whether the chancellor erred in finding that appellees are the assigns of Lura Derthick and entitled to the benefit of the reservation created in her 1934 right-of-way deed to the Lewises, it is necessary to first review the type of reservation created and determine whether it was appurtenant to Mrs. Derthick's land or in gross. "Since a reservation is the creation in

behalf of the grantor of a new right issuing out of the thing granted, an easement appurtenant to the grantor's remaining land may be created by reservation." 25 Am.Jur.2d *Easements and Licenses* Section 21 (1966). A reservation is a clause in a deed whereby the grantor reserves some new thing to himself, issuing out of the thing granted which was not *in esse* before. *Parker* v. *Parker*, 99 Ark. 244, 138 S.W. 462 (1911). In *Fort Smith Gas Co.* v. *Gean*, 186 Ark. 573, 577, 55 S.W.2d 63 (1932), the Arkansas Supreme Court stated: "It is the general rule that those covenants which are held to run with the land and to inure to the benefit of those succeeding in title to the grantee are such as generally affect the land itself and confer a benefit on the grantor. . . ." Clearly, the easement created by the reservation in the right-of-way deed was appurtenant to Mrs. Derthick's land and was not for her personal use alone.

The next question must be whether the reservation inured to the benefit of Mrs. Derthick's grantees in the various parcels of land conveyed to appellees, even though the reservation was not specifically conveyed to appellees in their deeds. Our review of the relevant law and facts leads us to conclude that the answer to this question must be in the affirmative:

> Unless expressly excepted, a transfer of real property passes all easements appurtenant thereto although not referred to in the instrument of transfer, and whether the transfer is voluntary or involuntary. The term "appurtenances" is sometimes used for the conveyance of easements, but its use is not necessary to transfer an appurtenant easement.

25 Am.Jur.2d *supra*, at Section 95.

> As a general rule, if the dominant tenement is transferred in separate parcels to different persons, each grantee acquires a right to use easements appurtenant to the dominant estate, provided the easements can be enjoyed as to the separate parcels without any additional burden on the servient tenement. Thus, where there is an easement of way appurtenant to a dominant tenement, the subsequent grantee of a part of such tenement has the right to use the way as appurtenant to his particular part.

25 Am.Jur.2d *supra*, at Section 96.

> Where an easement is annexed as an appurtenance to land by an express or implied grant or reservation, or by prescription, it passes with a transfer of the land although not specifically mentioned in the instrument of transfer.

28 C.J.S. *Easements* Section 46 (1941).

> Furthermore, those who succeed to the possession of each of the parts into which the dominant tenement may be subdivided, may also succeed to the appurtenant easements, unless otherwise provided by the terms of the conveyance.

28 C.J.S. *Easements* Section 46 (Supp. 1986).

In *Warren* v. *Cudd*, 261 Ark. 690, 550 S.W.2d 773 (1977), the Arkansas Supreme Court quoted 28 C.J.S. *supra*, Section 46 (1941) and stated that, if not specifically excluded, an easement appurtenant to a dominant tenement accompanies the dominant tenement in a transaction or instrument of transfer even if no mention of the easement is made. We therefore reject appellants' assertion that the reservation did not pass by operation of law to appellees because their deeds did not specifically grant the reservation in the road. In *Brandenburg* v. *Brooks*, 264 Ark. 939, 576 S.W.2d 196 (1979), the Arkansas Supreme Court cited 25 Am.Jur.2d *supra*, Section 95 and stated that "a way of necessity over remaining lands of the grantor, created by implied grant upon the severance of land, being appurtenant to the granted land, passes by each conveyance to subsequent grantees thereof. . . ." 264 Ark. at 940. Accordingly, we conclude that the chancellor was entirely correct in holding that appellees are the assigns of Lura Derthick and entitled to the benefit of the reservation of the use of the roadway.

We do find that the chancellor erred in his finding that appellants own the fee title to the road bed where it is bounded by the property of appellees. Even if the purported merger had occurred, it could not foreclose appellees' rights created by the reservation in Mrs. Derthick's right-of-way deed. In their brief, appellants cite *Massee* v. *Schiller*, 243 Ark. 572, 420 S.W.2d 839 (1967) as support for their argument that they hold the fee to the road bed unencumbered. That case, however, does not stand for

the proposition that the assigns of a distant grantor who reserved a right to use the right of way appurtenant to her land may have their interests foreclosed by such an acquisition on the part of appellants.

Additionally, we believe the evidence demonstrates that appellees own the fee title to the road bed where it adjoins their land. The Arkansas Supreme Court has held that, when a right of way is still in use, a conveyance extends to the center of the right of way unless a contrary intention is clearly stated. This principle applies to private as well as public roads and is in keeping with the public policy of discouraging separate ownership of narrow strips of land. *Abbott* v. *Pearson*, 257 Ark. 694, 520 S.W.2d 204 (1975). In *McGee* v. *Swearengen*, 194 Ark. 735, 742, 109 S.W.2d 444 (1937), the Arkansas Supreme Court stated that, where a conveyance of land bounded by a street or highway uses the expressions "bounded by," "on," "upon," or "along," such street or highway, it is generally held to indicate an intention to convey to the center thereof. We therefore hold that the deeds to appellees' property, bounded by the Adah Lewis road, conveyed the fee simple to the center of such road bed. Accordingly, we modify the chancellor's order to reflect this holding.

We also disagree with appellants' assertion that appellees presented no evidence that they are the assigns of Lura Derthick and that, because appellees failed to plead in their complaint that they are the assigns of Lura Derthick, the chancellor erred in so finding. It must be remembered that appellees presented eighteen exhibits describing the relevant chains of title to the various pieces of property in question without objection on the part of appellants. The deeds reflected in these exhibits provide more than sufficient evidence of the appellees' status as the assigns of Lura Derthick.

The fact that appellees failed to plead that they are the assigns of Lura Derthick in their complaint is similarly not fatal to their cause. ARCP Rule 15(b) provides in part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to

raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

*See also Thompson* v. *Brown,* 5 Ark. App. 111, 633 S.W.2d 382 (1982).

 We also find no merit in appellees' first point in their cross-appeal, in which they assert that the chancellor erred in holding appellees failed to prove the establishment of an easement by prescription. Upon appeal, we review the evidence in the light most favorable to appellee, and the trial court's findings are sustained unless they are clearly against the preponderance of the evidence. *First State Bank of Crossett, Arkansas* v. *Phillips,* 13 Ark. App. 157, 681 S.W.2d 408 (1984). The individual asserting an easement by prescription has the burden of proof to show by a preponderance of the evidence that use of the roadway has been adverse to the owner and his predecessors in title under claim of right for the statutory period. The determination of whether use of the roadway is adverse or permissive presents a fact question. *Teague* v. *Raines,* 270 Ark. 412, 605 S.W.2d 485 (Ark. App. 1980).

 Some circumstance or act, in addition to, or in connection with, the use of the way, tending to indicate that the use of the way was not merely permissive, is required to establish a right by prescription. *See Chapin* v. *Talbot,* 13 Ark. App. 53, 679 S.W.2d 219 (1984). Some overt activity on the part of the user is necessary to make it clear to the owner of the property that an adverse use and claim is being exerted. *Id.* The mere permissive use of an easement cannot ripen into an adverse claim without clear action which would have placed the defendant on notice. *See Fullenwider* v. *Kitchens,* 223 Ark. 442, 266 S.W.2d 281 (1954). We agree with the chancellor in his finding that appellees' use of the roadway in question had been permissive and affirm his finding in this regard as not clearly erroneous or clearly against the preponderance of the evidence.

 The question of whether an easement is private or public is one of fact; such a finding will not be reversed if it is not clearly against a preponderance of the evidence. *Hall* v. *Clayton,* 270 Ark. 626, 606 S.W.2d 102 (Ark. App. 1980). Here, although there was testimony to the effect that Carroll County had graded

the roadway in question in the past, there was also ample evidence that the County did not and never had considered the road bed in question to be a public road. In fact, it appears that, when the County graded the roadway in the past, it was at the request of the owners of the adjacent property. We do not find the chancellor's finding that the roadway in question is not a public road to be clearly erroneous.

We also disagree with appellees in their assertion that the maintenance by appellants of an unlocked gate across the roadway materially interferes with appellees' use of the roadway. Where land is subject to a prescriptive right of another to travel a designated route across the land, overlapping rights and conflicts of the parties are measured by the reasonableness of interference with the owners' rights, a question which depends on the facts and circumstances of each case. *Massee, supra.* The owner of a servient estate may erect a gate across an easement if it is located, maintained and constructed so as not unreasonably to interfere with the right of passage. *Hall* v. *Clayton, supra; see also Jordan* v. *Guinn,* 253 Ark. 315, 485 S.W.2d 715 (1972). The chancellor's findings in this regard will not be reversed unless they are clearly erroneous. *Warren* v. *Robinson,* 288 Ark. 249, 704 S.W.2d 614 (1986). Here, appellants presented evidence that, for some time, the roadway in question had been frequented by people at night as a "lovers' lane" and that trash had been left along the roadway as a result. We do not find that the chancellor's holding in this regard is clearly erroneous and affirm on this point.

Affirmed as modified.

MAYFIELD and COULSON, JJ., agree.