Carl LOHMANN, Appellant,

v.

GULF REFINING COMPANY, Appellee.

No. 09–83–185–CV.

Court of Appeals of Texas, Beaumont.

Nov. 1, 1984.

J.C. Zbranek, Liberty, for appellant.

John R. Tilly, Houston, for appellee.

## OPINION

McNICHOLAS, Justice.

The plaintiff below, hereinafter referred to as "Lohmann", appeals from an adverse judgment in favor of the appellee, Gulf Refining Company, hereinafter referred to as "GRC".

Lohmann sought to recover damages from GRC when GRC laid a $2\frac{7}{8}$" common carrier pipeline in the State and County road rights-of-way abutting his property pursuant to permits issued by these governmental bodies. Lohmann challenged GRC's status as a common carrier and alleged that his rights of access to his property were diminished by the installation of the pipeline.

In a non-jury trial, the court rejected both contentions, finding as a matter of fact that GRC is a common carrier and as a matter of law that the pipeline did not cause a material and substantial impairment of access, and granted GRC's motion for judgment.[1]

Lohmann's land, the subject of this action, is a triangular shaped tract bordered on the south by the Hamshire Road right-of-way and on the east and north by Interstate 10 right-of-way. Prior to the installation of the pipeline in question, Lohmann's farm was bisected by the construction of Interstate 10 and the triangular piece at issue was separated from Lohmann's other property on the north side of Interstate 10. The State purchased an easement from Lohmann, but did not give him access

---

1. Motion was made by GRC for "instructed verdict", obviously a misnomer, and properly entitled "Motion for Judgment."

rights from the property involved in the instant case to Interstate 10. At the time GRC installed its 2⅞" line in the public rights-of-way, Lohmann's property was already crossed by seven pipelines of varying sizes.

GRC and Lohmann failed to arrive at an agreement when GRC asked Lohmann for an easement for the pipeline. Thereafter, GRC received permits from Jefferson County and the State of Texas to construct and maintain a 2⅞" common carrier pipeline in the public easements along Interstate 10 and Hamshire Road. Lohmann complained to the County and State officials but failed to obtain any relief. Once the line was laid, GRC applied to the Railroad Commission of Texas for and received a common carrier pipeline permit. GRC then published and distributed tariffs advising the public of the line's availability and the rates charged.

■ Lohmann's first and only point of error is that the trial court erred in granting a summary judgment for the reason that a fact issue existed as a matter of law regarding the liability of the appellee to the appellant.

The transcript and the record fail to reveal that any motion for summary judgment was made. Rather, the final judgment sets out that all matters of fact and of law were submitted to the court without a jury and after hearing all of the evidence, judgment was rendered for GRC. Absent the filing of a motion for summary judgment, we of course overrule appellant's point of error.

■ We are further of the opinion, irrespective of the above, that the trial court's judgment was correct. Although no formal findings of fact or conclusions of law were requested, the record reflects one fact finding by the court—that GRC was a common carrier, and one finding of law—that there was no material or substantial impairment of access to Lohmann's property, and therefore, no damage had been caused. The court's judgment implies all facts necessary to support the judgment and we will affirm the judgment if it can be upheld on any legal theory finding support in the evidence. *Goodyear Tire and Rubber Company v. Jefferson Construction Company*, 565 S.W.2d 916 (Tex.1978); *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). In reviewing the record to determine if any evidence supports the judgment and the implied findings of fact incident thereto, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

■ In order to recover for a diminution of value to land from a pipeline constructed outside the property, it is necessary for one to show that "access is materially and substantially impaired even though there has not been a deprivation of all reasonable access; as before, this is a question of law for the Court." *City of Waco v. Texland Corporation*, 446 S.W.2d 1 (Tex.1969). For instance, streets may be narrowed without violating abutting landowner's rights unless the landowner's access is materially and substantially impaired, *City of Houston v. Fox*, 444 S.W.2d 591 (Tex.1969); traffic diversion or circuity of travel is noncompensible, *City of Beaumont v. Marks*, 443 S.W.2d 253 (Tex.1969); and, the closing of an alley even though access is more circuitous, is not compensible as a matter of law, *City of San Antonio v. Olivares*, 505 S.W.2d 526, 529 (Tex. 1974).

■ Unlike *City of Waco v. Texland Corporation, supra,* where the construction of a viaduct interferred with the ingress and egress of transport trucks which formerly had easy access to and from public roads, Lohmann's access to his property was unchanged after the construction of the pipeline—no more, no less. We agree with the trial court that Lohmann's failure to show material and substantial impairment of his right of access precludes his recovery of damages as a matter of law, and the finding that GRC is a common carrier as defined in the *TEX.NAT.RES. CODE ANN. sec. 111.002* (Vernon Supp.

1984) and *TEX.BUS.CORP.ACT ANN. art 2.01 B(3)(b)* (Vernon Supp.1984) is supported by the evidence.

The judgment is affirmed.[2]

AFFIRMED.

2. In view of our affirmation, we find it unnecessary to consider GRC's first reply point, regarding *TEX.R.CIV.PRO. 418(d).*