**ARCHENHOLD AUTOMOBILE SUPPLY CO., Petitioner,**

v.

**The CITY OF WACO, Respondent.**

**No. A–10642.**

Supreme Court of Texas.

Oct. 13, 1965.

Rehearing Denied Dec. 15, 1965.

Bryan, Wilson Olson & Stem, Waco, for petitioner.

Thomas R. Hunter, City Atty., Jones, Boyd, Westbrook & Lovelace, Waco, for respondent.

STEAKLEY, Justice.

This is a companion case to DuPuy v. The City of Waco this day decided, Tex., 396 S.W.2d 103. It is likewise a suit against the City for damages under Article I, Sec. 17, of the Constitution of Texas, Vernon's Ann.St. resulting from the construction by the City of the South 17th Street viaduct. As in DuPuy, there was no physical appropriation of Petitioner's property and as the case reaches us it involves only the impairment of access rights. The Court of Civil Appeals reversed the judgment of the trial court for Petitioner, Archenhold Automobile Supply Company, based on the favorable jury verdict, and rendered judgment for the City; its holding was that " * * * the construction of the viaduct by the City was a valid exercise of its police power, and since appellee has access to its property as herein stated, and has not been denied total access to its property, there is no taking, and the loss and inconvenience it may have sustained is noncompensable." 386 S.W.2d 174, 180. We granted the application for writ of error in this case at the time of such action in DuPuy, and the cases were submitted together.

The physical facts pertaining to the property of Archenhold are depicted on the accompanying schematic diagram and are described in detail in the opinion of the Court of Civil Appeals. In relation to the property of DuPuy considered in the companion case, the property of Archenhold is located immediately across what was South 17th Street. The major difference is that the Archenhold property extends to and fronts on Franklin Avenue, whereas the DuPuy property fronted on and had access to South 17th Street only. It may also be mentioned that the location of Archenhold's building and the viaduct leaves Archenhold with a twenty-five-foot open space which is used for parking motor vehicles.

SCHEMATIC DIAGRAM OF 17th STREET OVERPASS AND ENVIRONS DEPICTING WAYS OF INGRESS TO AND EGRESS FROM ARCHENHOLD AUTOMOTIVE SUPPLY COMPANY

Franklin Ave. is one-way east except for one westbound lane between 17th and 18th.

FRANKLIN AVE.

ARCHENHOLD

SEE INSERT BELOW

Traffic leaving viaduct

Concrete barrier: street beneath viaduct terminates

PAVED ALLEY

PAVED ALLEY

Note: Two-way traffic flow at ground level beneath over-pass

MARY AVE.

ONE WAY

Railroad Tracks

16th STREET

INSERT

FRANKLIN AVE.

curb

walk

A 25' space exists between Archenhold's east wall and the viaduct; access to Franklin Ave. is blocked by the curb.

25'

17th STREET OVERPASS

property line

CONCRETE BARRIER

18th STREET OVERPASS

PAVED ALLEY

ONE WAY

WEBSTER AVENUE

The basic contentions of the parties, and of the Attorney General and the attorneys for other cities filing amicus curiae briefs, are the same as in DuPuy. As there said, the initial and primary question for determination by the Court in a given situation is whether access rights have been impaired to an extent which constitutes a damage to property for a public use within the purview of Article I, Sec. 17, of the Constitution of Texas which provides that "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made * * *." For the reasons expressed in DuPuy, such is not the case where a property owner is left with reasonable access, and this problem is to be resolved in the light of conditions affecting the particular property under review before and after construction of the public improvement. It is obvious that at both such times the property of Archenhold was more favorably circumstanced than the property of DuPuy. The latter was left abutting on a cul-de-sac on the street on which he fronted, and the only street to which he had access. Archenhold, on the other hand, continues to front on, and to have full access to, Franklin Avenue and quite clearly has been left with substantial access. The question of whether Archenhold retained reasonable access should not be fragmented, i. e., be made to turn on what happened on South 17th Street apart from the unimpeded frontage on Franklin Avenue. The better rule, in our opinion, is that of the courts of New York which hold that one of two public streets may be closed without compensation to an abutting landowner if the remaining street furnishes suitable means of access. Egerer v. New York Central & Hudson River R. R. Co., 130 N.Y. 108, 29 N.E. 95, 14 L.R.A. 381 (1891); Fearing v. Irwin, 55 N.Y. 486 (1874). We hold that Archenhold has not been deprived of reasonable access. This is not to say that Archenhold has not suffered damages in the diminishment of his means of access with regard to South 17th Street. There has been damage and, indeed, special damage not suffered in common with the general public. But as we have held in DuPuy, this is not sufficient to invoke the compensation provision of the Constitution under review. The damages suffered by Archenhold as a result of the changes which were wrought on South 17th Street are damnum absque injuria.

The judgment of the Court of Civil Appeals is affirmed.

SMITH, WALKER and GREENHILL, JJ., dissenting.

GREENHILL, Justice (dissenting).

The Court has a very able opinion in the companion case hereto, DuPuy v. City of Waco. The reasons expressed in it are, in my opinion, a just basis for a recovery by Archenhold.

At the conclusion of its opinion in this case, the Court recognizes that Archenhold had been damaged and that "indeed [it has suffered] special damage not suffered in common with the general public."

Beyond question the property rights of Archenhold were substantially damaged for the public use. Our Texas Constitution says that no person's property shall be taken or damaged for public use without adequate compensation being made. Article I, Sec. 17.

It follows, at least to me, that Archenhold is entitled to compensation for the damage it has suffered for the public use.

SMITH and WALKER, JJ., join in this dissent.