**CITY OF HOUSTON, Petitioner,**

v.

**Lee M. FOX, Respondent.**

No. B–1039.

Supreme Court of Texas.

July 30, 1969.

Rehearing Denied Oct. 1, 1969.

William A. Olson, City Atty., Joseph G. Rollins, Asst. City Atty., Houston, for petitioner.

Sears & Burns, Robert L. Burns, Houston, for respondent.

GREENHILL, Justice.

This is the second appeal to this Court of a suit instituted by Lee M. Fox against the City of Houston to recover for the loss in value of certain real property owned

by Fox and located at the intersection of Broadway and Erath streets in Houston. A description of the changes made in Broadway and Erath, together with an accompanying map of the streets in relation to Fox's property, may be found in the Court of Civil Appeals' first opinion. 412 S.W.2d 745.

The City, to remove a dangerous railroad crossing at grade, constructed an underpass on Broadway at the intersection of the two streets; and Fox took the position that the City's construction of the underpass impaired his access to the streets on which his property fronted, thereby damaging his property within the purview of Article I, Section 17 of the Texas Constitution, Vernon's Ann.St. Trial was to the court, and a judgment was entered in favor of Fox for $2,500.00. The Court of Civil Appeals affirmed. 412 S.W.2d 745. In a per curiam opinion, we reversed the judgment of the Court of Civil Appeals pursuant to Rule 483 on the basis that its decision was in conflict with our prior opinions in Archenhold Auto Supply Co. v. City of Waco, 396 S.W.2d 111 (1965), and DuPuy v. City of Waco, 396 S.W.2d 103 (1965). The cause was remanded to the Court of Civil Appeals for consideration of Fox's counterpoints. 419 S.W.2d 819.

The Court of Civil Appeals, one Justice dissenting, again affirmed the judgment of the trial court. The court held that although Fox was left with reasonable access [1] after the construction of the overpass, he nevertheless was entitled to recover for damage to a right distinct from the right of access; i. e., the right of a private easement in the streets abutting his property. 429 S.W.2d 201. This Court granted the City of Houston's application for writ of error to consider the character and extent of Fox's private easements in Broadway and Erath streets.

Broadway and Erath streets were dedicated as public streets in the plat of the Harrisburg Townsite of 1862. It is stipulated that Fox's predecessor in title purchased the lot in question with reference to the plat. This Court recently reaffirmed the principle that the conveyance of land by reference to a map or plat, upon which lots and streets are laid out, results in the purchaser acquiring by implication a private easement in the alleys or streets shown on the plat. Dykes v. City of Houston, 406 S.W.2d 176 (Tex.1966). The easement thus acquired has been held to continue even after the city has vacated a street. Dallas Cotton Mills v. Industrial Co., 296 S.W. 503 (Tex.Comm.App.1927).

The easement of the adjacent landowner, however, in the absence of some specific grant, is not a property right in any particular type or size of street. It is, in effect, a private right of ingress and egress. It is a right of passageway to and from the property. In substance, it is the right of access dealt with by this Court in several relatively recent cases, including City of Waco v. Texland, 446 S.W.2d 1 (1969), decided this date; City of Beaumont v. Marks, 443 S.W.2d 253 (1969); and State v. Meyer, 403 S.W.2d 366 (1966). [2] Cities may make streets narrower without violating the rights of the abutting landowner, Moorlane Co. v. Highway Dept., 384 S.W.2d 415 (Tex.Civ.App.

---

[1]. Since the Court of Civil Appeals' decision was prior to our decision in City of Waco v. Texland, 446 S.W.2d 1, decided this date, the court's holding was based on the "reasonable access" standard, rather than on the "materially and substantially impaired" standard enunciated in City of Waco v. Texland.

[2]. The history of the right of access is reviewed in *Meyer*. It held, in line with what is stated above, that abutting property owners do have private rights in streets; and that "Generally, the most important of these private rights is the right of access * * *. This right of access has been described as an easement appurtenant to the abutting land, * * *." 403 S.W.2d at 370–371.

1964, writ ref'd n. r. e), unless the street is so narrowed or altered as to materially and substantially impair the landowner's access. Compare City of Waco v. Texland, supra, with City of Beaumont v. Marks, supra, and City of Sweetwater v. McEntyre, 232 S.W.2d 434 (Tex.Civ.App.1950, writ ref'd n. r. e.).

■ It is our opinion that the City of Houston did not violate any access rights of Fox in Broadway or Erath streets. In other words, there has not been a material and substantial impairment of Fox's right of access. City of Waco v. Texland, supra. Erath street, even though it was narrowed, remains as a two-way street adjacent to the Fox property. The portion of Broadway Street remaining in front of the Fox property is 17 feet wide. Pictures in evidence show that the street is of sufficient width for cars to park and to pass.

■ Another problem with regard to Broadway, as it passes in front of the Fox property, is that it has been made into a one-way street. This action, however, was a result of the lawful exercise of the City's police power, and therefore any resulting damage is noncompensable. City of San Antonio v. Pigeonhole Parking, 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R.2d 640 (1958); Pennysavers Oil Co. v. State, 334 S.W.2d 546 (Tex.Civ.App.1960, writ ref'd); 2 Nichols, Eminent Domain § 6.444[4], pp. 591–2 (3d ed. 1963). Likewise, any injury due to diversion of traffic or circuity of travel with reference to the Fox property brought about by the changes in Broadway and Erath streets is noncompensable. City of Beaumont v. Marks, supra; State v. Baker Bros. Nursery, 366 S.W.2d 212 (Tex.Sup.1963); Pennysavers Oil Co. v. State, 334 S.W.2d 546 (Tex.Civ.App.1960, writ ref'd).

The judgments of the courts below are reversed and judgment is here rendered that plaintiff take nothing.

McGEE, J., dissents.