**Carol RAPOSA, Appellant,**

v.

**Donald W. JOHNSON, Appellee.**

**No. 2–84–188–CV.**

Court of Appeals of Texas,
Fort Worth.

June 27, 1985.

Chancellor, Wood & Martin, Richard Martin, Dallas, for appellant.

Philips, White, Davidge, Griffin, Shelton, Eames, Wood & Duncan, David C. White, Denton, for appellee.

Before ASHWORTH, JOE SPURLOCK, II, and W.A. HUGHES, Jr. (Retired) (Sitting by Assignment), JJ.

## OPINION

ASHWORTH, Justice.

Appellee, Donald W. Johnson, as plaintiff below, filed suit against appellant, Carol Raposa, as defendant below, seeking to determine the title to an undivided one-fourth (¼) interest in a certain tract of real property located in Denton County, Texas. In his trespass to try title action, plaintiff based his claim of title and right to possession of the disputed one-fourth interest in the property upon a bona fide purchaser theory. After pleading all of the documents affecting title to the property, plaintiff asked the court to enter a judgment that appellant had no interest in the property. Appellant answered with a plea of "not guilty" and a general denial. The parties entered into a stipulation as to the common source of title and as to the authenticity and admissibility of various documents of title. Trial was to the court without a jury and no testimony was offered. The court entered judgment awarding title to appellee of the disputed one-fourth interest. From this judgment, appellant has perfected her appeal.

We reverse and render.

Findings of fact and conclusions of law were filed by the trial court, as follows:

## FINDINGS OF FACT

1. The tract of land in controversy is 11.740 acres located in Denton County, Texas, described more fully in Exhibit "A" attached hereto.

2. That Robert E. Clark and wife, Sandra L. Clark, is the common source of title to the premises in controversy.

3. That Robert E. Clark and wife, Sandra L. Clark, conveyed to Edward P. Raposa full, fee simple title to the premises in controversy by warranty deed executed on the 10th day of February, 1971, and filed for record in the Deed Records of Denton County, Texas, on the 10th day of February, 1971.

4. That Edward P. Raposa conveyed to DONALD W. JOHNSON an undivided one-half (½), fee simple interest in and to the premises in controversy by warranty deed executed on the 10th day of February, 1971, and filed for record in the Deed Records of Denton County, Texas, on the 26th day of February, 1971.

5. That the marriage of Edward P. Raposa and CAROL RAPOSA was dissolved on or about the 3rd day of June, 1974.

6. That pursuant to an Agreement Incident to Divorce entered into by and between CAROL RAPOSA and Edward P. Raposa, the premises in controversy was to be held equally by CAROL RAPOSA and Edward P. Raposa as tenants in common.

7. That said agreement for division of marital property was adopted and made a part of the divorce decree.

8. That the Decree of Divorce of Edward P. Raposa and CAROL RAPOSA was filed for record in the Deed Records of Denton County, Texas, on March 10, 1976.

9. That Edward P. Raposa conveyed to DONALD W. JOHNSON all of his undivided interest in and to the premises in controversy by warranty deed executed on the 24th day of February, 1976, and filed for record in the Deed Records of Denton County, Texas, on the 24th day of March, 1976.

## CONCLUSIONS OF LAW

1. As between Plaintiff and Defendant, RAPOSA, Plaintiff is entitled to legal and equitable title to the disputed one-fourth undivided interest in and to the subject real property.

2. As between Plaintiff and Defendant, RAPOSA, Plaintiff is entitled to possession of the subject real property to her exclusion.

3. As between Plaintiff and Defendant, RAPOSA, Plaintiff is entitled to release of the funds now held in the registry of the Court as they pertain to the compensation paid in that certain condemnation proceeding bearing No. 10652.

4. That Defendant, CAROL RAPOSA, does not have an interest in or a claim to possession of the premises in controversy.

Appellant asserts five points of error contending that the trial court erred in finding title in appellee, to the exclusion of the appellant, because:

1. Appellant acquired her title prior to appellee's acquisition of his claim of title;

2. Appellee failed to offer any proof of his status as an innocent purchaser;

3. Appellant's legal title vested prior to appellee's claim to legal title;

4. The trial court mistakenly placed the burden of proof on appellant to show appellee's innocent purchaser status;

5. The judgment and conclusions of law supporting it are not supported by the evidence or the facts found by the court.

Appellant's fifth point of error basically challenges the legal sufficiency of the evidence and because appellant's other points of error pertain to the evidence, we shall examine all points together.

Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r. e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First National Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v.*

*Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

In deciding a challenge to the legal sufficiency of the evidence (a "no evidence" point), we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *See Stedman v. Georgetown Savings and Loan Ass'n,* 595 S.W.2d 486, 488 (Tex.1979). If there is any evidence of probative force to support the challenge finding, then it must be upheld. *Id.*

In order to determine who has title to the disputed one-fourth interest in the property, it is necessary to examine TEX.PROP. CODE ANN. sec. 13.001 (Vernon 1984) setting forth the requirements of the validity of an unrecorded instrument and providing as follows:

(a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged or proved and filed for record as required by law.

(b) The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument.

(c) This section does not apply to a financing statement, a security agreement filed as a financing statement, or a continuation statement filed for record under the Business & Commerce Code.

*Id.*

A review of the evidence reveals that on February 10, 1971, Robert E. Clark and wife, Sandra L. Clark, conveyed the subject property to Edward Raposa. This deed was filed for record on February 10, 1971. On the same date, Edward Raposa conveyed an undivided one-half interest in the same property to appellee. This deed was filed for record on February 26, 1971. On June 3, 1974, a divorce decree between Edward Raposa and appellant was signed and entered. Incorporated within this divorce decree was an agreement incident to divorce which spoke to the subject property, stating that it was to be held by the parties as co-tenants. This agreement was filed on March 10, 1976. On February 24, 1976, Edward Raposa conveyed "all of his undivided interest" in and to the subject property to appellee. This deed recited good and valuable consideration. It was filed of record on March 24, 1976.

Based on the fact that the agreement incident to divorce was entered into prior to the time Edward Raposa executed the deed to appellee, we find that appellee was a subsequent purchaser within the purview of TEX.PROP.CODE ANN. sec. 13.001 (Vernon 1984). Therefore it is true, as appellant asserts in points of error one and three, that she acquired her claim of title to the property prior to the time appellee acquired his claim. However, this finding is not determinative of these two points as we must next determine whether or not appellee paid a valuable consideration and was without notice of the divorce settlement agreement. An affirmative finding to these two issues would mean that the conveyance to appellee would not be affected by the agreement incident to divorce.

In her fourth point of error, appellant contends that the trial court mistakenly placed the burden of proof on appellant to show appellee's innocent purchaser status. Those persons claiming under the subsequent deed have the burden of proof to show that they were subsequent purchasers for a valuable consideration without notice. *See Ryle v. Davidson,* 102 Tex. 227, 115 S.W. 28, 28 (Tex.1909); *Phillips v. Latham,* 523 S.W.2d 19, 24 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.); *Glass v. Upton,* 226 S.W.2d 244, 246 (Tex.Civ.App.—Austin 1950, no writ).

In his brief, appellee cites *Houston Oil Co. v. Kimball,* 103 Tex. 94, 122 S.W. 533 (Tex.1909), which stands for the proposition that the burden was not on the claimant under the junior deed to prove that the junior grantee was an innocent purchaser

for value without notice. However, that case was decided under Law of Dec. 20, 1836, sec. 40, 1 H. Gammel, Laws of Texas 156 (1898), which only required that it appear that a third person had a right or interest to be affected by an unrecorded deed to entitle him to the protection of that act against such unrecorded deed. Law of Dec. 20, 1836 was thereafter repealed and replaced by Law of Feb. 5, 1840, sec. 1, 2 H. Gammel, Laws of Texas 153 (1898), mandating that the burden was on those claiming under the subsequent deed to show that the grantee therein was a purchaser for value, without notice of the prior deed.

■ Based on the above authorities, appellant is correct in her fourth point of error as the burden of proof should have been on appellee to show that he was a subsequent purchaser for value without notice. However, we overrule this point of error because we find there is no evidence in the record showing that the trial judge incorrectly placed the burden of proof on appellant.

■ We next must determine from the documentary evidence introduced at trial whether appellee fulfilled his burden. To show that he had paid a valuable consideration for the property, he produced plaintiff's exhibit four, the deed dated February 24, 1976 in which Raposa conveyed his undivided interest in the property to appellee. This deed stated it was "for and in consideration of the sum of TEN AND NO/100 ($10.00) and other good and valuable consideration ... and the further consideration of the assumption and promise to pay by Grantee herein of all indebtedness owing against said property." We hold that appellee did not sustain his burden of proof inasmuch as deed recitals of valuable consideration, standing alone, are insufficient to prove the payment thereof. *See Davidson v. Ryle*, 103 Tex. 209, 124 S.W. 616, 619 (Tex.1910); *Fenley v. Ogletree*, 277 S.W.2d 135, 144 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.). It was incumbent upon appellee to secure a finding by the trial court that appellee was a bona fide purchaser for value without notice of the prior claim of appellant. The trial court failed to make such a finding and appellee failed in his burden of proof. We sustain appellant's second and fifth points of error.

The judgment of the trial court is reversed and judgment is now rendered that appellant is the owner of the disputed one-fourth interest in the subject property. We note a conclusion of law states appellee is entitled to certain funds held as condemnation proceeds; if any of such proceeds pertain to the one-fourth interest herein litigated, the same belong to appellant.