**CITY OF GRAPEVINE, a Municipal Corporation, Appellant,**

v.

**GRAPEVINE POOL ROAD JOINT VENTURE, Appellee.**

No. 2–89–213–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 27, 1991.

Sara Hamlin Tangen, S. Reid Heller, Margaret K. Schulman, Hutchison Boyle Brooks & Fisher, Dallas, for appellant.

Larry L. Fowler, Susanna Johnson, Snider & Moore, P.C., Arlington, for appellee.

Before MEYERS, DAY and FARRIS, JJ.

## OPINION

MEYERS, Justice.

This is an appeal taken from a judgment rendered against appellant, City of Grapevine, in a lawsuit filed by appellee, Grapevine Pool Road Joint Venture, in which appellee asserted a claim for damages resulting from an alleged "taking" of interest in real property. The trial court held that a compensable taking had occurred and that the Grapevine City Council violated the Open Meetings Act on three separate dates by closing Pool Road.

Appellant urges the nine following points of error: there was no taking as a matter of law or, alternatively, there was no evidence or insufficient evidence to support the court's holding that the diminution in value of appellee's property resulting from appellant's decision to barricade and ultimately convert Pool Road into a cul-de-sac constituted a damaging or taking under the Texas Constitution and the United States Constitution; there was no evidence or, alternatively, insufficient evidence to support the court's holding that appellee possesses an easement of access to Pool Road which is a property right not limited to a right of access to the system of public roads; the trial court erred in holding that appellant violated the Texas Open Meetings Act on August 16, 1986, September 2, 1986, and December 15, 1987, because there were no violations or alternatively, there was no evidence or insufficient evidence to support that conclusion; the trial court's holding that appellant was required to pass an ordinance authorizing the placement of barri-cades on Pool Road was error since no ordinance was required as a matter of law; there was no evidence or, alternatively, insufficient evidence to support the court's holding that barricading Pool Road for fifteen months unduly prolonged restriction of access to the property; it was error to hold that the barricades placed on Pool Road on August 15, 1986, were permanent because there was insufficient evidence to support that holding; as a matter of law, the trial court erred in awarding appellees $165,000 because such damages were improperly calculated or, alternatively, were excessive since there is insufficient evidence to support the same; and the trial court erred as a matter of law, in determining that pursuant to Texas Civil Practice & Remedies Code § 65.015, the City of Grapevine was required to ascertain and pay damages to appellee prior to the placement of metal barricades.

We reverse and render judgment that appellee take nothing in its lawsuit.

Appellee replies to all of the points of error asserted by appellant and brings two cross-points of error. Appellee argues that the trial court erred in failing to award appellee punitive damages because the evidence properly supported such an award. Appellee also complains that the trial court erred in failing to award appellee its reasonable attorney's fees and costs pursuant to TEX.REV.CIV.STAT.ANN. art. 6252–17, § 3.

In December of 1984, appellee purchased a 1.9408 acre tract of land located within the City of Grapevine, Texas at the intersection of State Highway 26 and County Road 3038 (more commonly known as "Pool Road"). The property has approximately 681 feet of frontage on Pool Road and 162 feet of frontage on State Highway 26.

In August 1986, the portion of Pool Road located immediately south of appellee's property was rerouted in order to align Pool Road with Brumlow Road. On August 19, 1986, appellant's public works director informed appellant's city council that the rerouting of Pool Road necessitated additional traffic control. Although no for-

mal action was taken on this date, the city council, by consensus, authorized the public works director to barricade Pool Road pending further consultation with city staff and representatives of the Grapevine Independent School District.

On September 2, 1986, during its regular meeting the city council again considered various traffic control alternatives for Pool Road. Once again, no formal action was taken. Following the filing of this lawsuit, appellant's city council met on December 15, 1987. They voted to remove the barricade from the northern end of Pool Road and create a cul-de-sac at the southern end of this road.

Appellee's suit, seeking a permanent injunction [1] and damages was tried before the court on June 6, 1989. The court held that appellant's actions in placing barricades adjacent to appellee's property without passing an ordinance constituted a taking of an easement from appellee as property owner resulting in a loss of access and a diminishment of value in appellee's property. The court awarded appellee $165,000 in damages, plus prejudgment interest of $51,579.20 and post-judgment interest at the rate of 10% per annum from the date of judgment until it is paid.

■ Appellant's first point of error asserts that the trial court erred because there was no taking as a matter of law or, alternatively, there was no evidence to support its holding that the diminution in the value of appellee's property resulting from the city's decision to barricade and ultimately convert Pool Road into a cul-de-sac constituted a damaging or a taking under the Texas Constitution and the United States Constitution.

In its findings of fact 9, 17, 20, 21, and 24 and conclusions of law 11, 12, 13, 14, 15, 16, and 19, the trial court found that appellee's right of access to its property had been materially and substantially impaired as a matter of law.

■ Findings of fact entered in a case tried to the court are entitled to the same force and dignity as a jury's verdict upon special issues. *Raposa v. Johnson*, 693 S.W.2d 43, 45 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). Such findings of fact are reviewable for legal and factual sufficiency of evidence to support them by the same standards applied when reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Id.*

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the court and disregard all evidence and inferences to the contrary. *See Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988) (per curiam); *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985) (per curiam). If there is any evidence of probative force to support the finding of the court, the point must be overruled and the finding upheld. *In re King's Estate*, 244 S.W.2d 660, 661–62 (1951).

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361 (1960).

■ Property has been damaged for a public use within the meaning of the constitution when access is materially and substantially impaired even though all reasonable access has not been impaired. *City of Waco v. Texland Corp.*, 446 S.W.2d 1, 2 (Tex.1969). If a property owner's right of

---

1. Appellee sought a permanent injunction enjoining appellant from erecting barricades which would impede traffic from using Pool Road, and an order directing appellant to remove all existing barricades on this road. The trial court did not grant this relief.

access is not materially and substantially impaired, or if the restriction of access merely results in a diversion of traffic or circuity of travel, then there has been no damage within the meaning of Article 1, § 17 of the Texas Constitution and the fourteenth amendment to the United States Constitution. *See e.g., State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex. 1988); *City of Austin v. Avenue Corp.,* 704 S.W.2d 11, 13 (Tex.1986); *City of San Antonio v. Olivares,* 505 S.W.2d 526, 529–30 (Tex.1974); *Texland Corp.,* 446 S.W.2d at 2; *City of Houston v. Fox,* 444 S.W.2d 591, 593 (Tex.1969); *City of Beaumont v. Marks,* 443 S.W.2d 253, 257 (Tex.1969); *Archenhold Auto. Supply Co. v. City of Waco,* 396 S.W.2d 111, 114 (Tex.1965); *DuPuy v. City of Waco,* 396 S.W.2d 103, 109–10 (Tex.1965); *L–M–S, Inc. v. Blackwell,* 233 S.W.2d 286, 290 (Tex.1950).

■ The question of whether there has been a material and substantial impairment of access or whether there exists merely the issue of circuity of travel is a question of law rather than a question of fact. *Wood Oil,* 751 S.W.2d at 865; *see also Olivares,* 505 S.W.2d at 530.

In determining whether access to appellee's property has been materially and substantially impaired, we note that appellee's undeveloped corner lot fronts two public roads, Pool Road and State Highway 26. The record does not reflect that State Highway 26 has ever been barricaded or obstructed.

■ One of two public streets may be closed without compensation to abutting landowners if the remaining street furnishes a suitable means of access to the piece of property. *Archenhold Auto.,* 396 S.W.2d at 114. In the instant case, appellee's property has 162 feet of unobstructed frontage on Highway 26, thus furnishing a suitable means of access to the property. *See id.*

Appellee compares this case to *DuPuy,* 396 S.W.2d at 109. In *DuPuy,* the property in question was located at the northeast corner of a public road running north and south and a paved alley running east and west. *Id.* at 104–05. The city, through construction of a viaduct project, elevated the north/south street above the property and barricaded the lower level street just north of the property. This left the property with access only from the east/west alley. Because the property was left fronting a cul-de-sac under the viaduct with no access to any public street, the court held that a material and substantial diminution of value had occurred. *Id.* at 110.

■ We find the facts of *DuPuy* differ significantly from the facts of the instant case. The property in *DuPuy* was cut off from access to any public road. *See id.* In contrast, appellee is left with 162 feet of property fronting State Highway 26. The net result of the city's actions in the instant case is that traffic traveling toward appellee's property on Pool Road must take a more circuitous route to gain access to the property from Highway 26.

Damages which result to property by virtue of traffic being required to travel a more circuitous route to reach the property in question are not compensable and are not the result of a material and substantial impairment of access. *See e.g., Wood Oil,* 751 S.W.2d at 865; *Olivares,* 505 S.W.2d at 529; *Fox,* 444 S.W.2d at 593; and *Marks,* 443 S.W.2d at 257.

When evaluated in light of the cases above, it is clear there was no evidence appellee's property suffered a material and substantial impairment, since it was never without access to a public road, State Highway 26. Accordingly, appellant's first point of error is sustained.

Under TEX.R.APP.P. 80(b) and 81(b), when we sustain a "no evidence" point, it is our duty to render judgment for the appellant because that is the judgment the trial court should have rendered. *See Vista Chev., Inc. v. Lewis,* 709 S.W.2d 176 (Tex. 1986) (per curiam); *National Life and Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969).

Contentions raised by appellant in its eight remaining points of error regarding: the alleged easement rights of appellee; alleged violations of the Open Meetings Act by appellant; the necessity for passage of

an ordinance by appellant; the trial court's finding of unduly prolonged denial of access to the property in question; the erroneous calculation of damages and the finding that appellant was required to ascertain and pay damages prior to the placement of metal barricades, need not be addressed in light of this court's holding that no taking occurred in the instant case, and its reversal of the trial court's judgment. Similarly, appellee's assertions that it should have been awarded punitive damages and attorney's fees need not be addressed since judgment has been rendered in favor of appellant.

We reverse and render judgment that appellee take nothing in its lawsuit.

FARRIS, J., dissents.

FARRIS, Justice, dissenting.

I dissent, and would hold that the appellee did suffer a temporary taking and damaging of his property resulting from the placement of permanent barricades on both the north and south ends of the old Pool Road from August of 1986 to December of 1987.

The piece of property in question is shaped like a trapezoid, with the parallel sides, the longest of which is 681.7 feet, running along old Pool Road, the straight edge lying at the south end of old Pool Road, and the slanted edge running 162 feet along Highway 26; the total width of the property is only 135 feet. The majority holds that the 162 feet of unobstructed frontage which runs into Highway 26 provides such a suitable means of access. I disagree. The property does not face Highway 26, rather the bulk of the property, the length of it, faces old Pool Road. The portion abutting Highway 26 does, in fact, have easy access from that thoroughfare, but the portion which lies 681 feet within had no access during that time when both barricades completely blocked the stretch of Pool Road running alongside the appellee's property.

I would affirm findings 9, 20, and 24 and conclusions 11, 12, and 13 of the trial court and hold that appellee did suffer a damaging and a taking for which he is entitled to compensation. *Fort Worth Improvement Dist. No. 1 v. City of Fort Worth*, 106 Tex. 148, 158 S.W. 164 (1913). But I also would hold this infliction was temporary, because the north barricade has been removed, and the trial court found that old Pool Road will not be permanently closed. Therefore, I would reverse and remand for the determination of damages for the temporary taking of the appellee's property.