The STATE of Texas, Appellant,

v.

Allen E. SAMUELS and Chrysler Credit Corporation, Appellees.

No. 2–95–142–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 15, 1995.

Rehearing Overruled March 28, 1996.

---

* Editor's Note: The majority per curiam opinion was not designated for publication.

Dan Morales, Attorney General, Jorge Vega, 1st Asst. Attorney General, Laquita A. Hamilton, Deputy Attorney Gen., David A. Talbot, Jr., Asst. Attorney Gen., Michael E. Denosky, Asst. Attorney General, Mark Heidenheimer, Asst. Attorney General, Austin, for Appellant.

John McClish, Womack & McClish, Austin, Cecil Magee, Dallas, for Appellees.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

The State of Texas appeals a directed verdict in a condemnation proceeding where the sole contested issue was the value of the property taken. The State brings two issues on appeal: (1) the trial court erred in preventing its witnesses from testifying about the market value of the land taken and the market value of the remainder; and (2) the trial court erred in denying the State's motion for continuance. We sustain the State's first point of error and reverse the judgment of the trial court.

The State sued to acquire fee title to an 8,067 square foot strip of land owned by appellees as part of the North Loop Dodge automobile dealership located on Loop 820 in North Richland Hills, Texas. The property fronts on a frontage road of Interstate 820 and also fronts on Booth Calloway Road. As a result of the taking, appellees lost property included in their front display area and lost much of their access from the property onto Loop 820 but retained full access onto Booth Calloway Road.

In its first point of error, the State asserts that the trial court erred in preventing the State's witnesses from testifying about the market value of the part taken and from testifying about the market value of the remainder after the taking. The State maintains that access to the remainder of the property is not materially and substantially impaired and therefore no compensable taking results from the denial of access.

The State's pleading sought acquisition of appellees' access rights. During the trial, appellees introduced evidence relating to the taking of access rights and the effect of the taking on the use and value of the remainder property. The State then sought to introduce valuation evidence from two appraisers, Thomas Haynes and Tom Kyser. Neither witness included any payment to appellees for the taking of access rights, and their testimony was in keeping with the State's theory that the denial of access was noncompensable. Dealership owner Allen Samuels and Chrysler Credit objected to Haynes's and Kyser's valuation testimony because it failed to provide compensation for the denial of access. The trial court sustained the objection and excluded the evidence as constitutionally deficient and irrelevant. The State contends that the trial court erred in ruling that Haynes and Kyser could not testify about the property's value after the taking because they did not include damages for the denial of access.

■ No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made. TEX. CONST. art. I, § 17. It is well established that a "taking" may also include the denial of access to the remaining property:

> an abutting property owner possesses an easement of access which is a property right; that this easement is not limited to a right of access to the system of public roads; and that diminishment in the value of property resulting from a loss of access constitutes damage.

*DuPuy v. City of Waco,* 396 S.W.2d 103, 108 (Tex.1965).

█ Property has been damaged for a public use within the meaning of the constitution when access is materially and substantially impaired even though all reasonable access has not been impaired. *City of Waco v. Texland Corp.,* 446 S.W.2d 1, 4 (Tex.1969) (McGee, J., concurring); *City of Grapevine v. Grapevine Pool Road Joint Venture,* 804 S.W.2d 675, 677 (Tex.App.—Fort Worth 1991, no writ). If a property owner's right of access is not materially and substantially impaired, or if the restriction of access merely results in a diversion of traffic or circuity of travel, then there has been no damage within the meaning of article I, section 17 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution. *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988); *Texland,* 446 S.W.2d at 4; *City of Grapevine,* 804 S.W.2d at 677–78. Damages that result to property by virtue of traffic being required to travel a more circuitous route to reach the property in question are not compensable and are not the result of a material and substantial impairment of access. *Wood Oil,* 751 S.W.2d at 865; *City of Grapevine,* 804 S.W.2d at 678. The question of whether there has been a material and substantial impairment of access or whether there exists merely the issue of circuity of travel is a question of law rather than a question of fact. *Wood Oil,* 751 S.W.2d at 865; *City of Grapevine,* 804 S.W.2d at 678. It is incumbent upon the trial court to make this determination before trial and to control the admission of evidence accordingly. *Wood Oil,* 751 S.W.2d at 865. Questions of law are always subject to de novo review. *In re Humphreys,* 880 S.W.2d 402, 404 (Tex.1994).

█ The trial court made no explicit ruling on whether the denial of access in the instant case constituted a material and substantial impairment, but by refusing to allow the State's experts to testify, the trial court made a *de facto* ruling. We find this ruling erroneous in light of *Archenhold Auto. Supply Co. v. City of Waco,* 396 S.W.2d 111, 114 (Tex.1965). In *Archenhold,* it was noted that one of two public streets may be closed without compensation to an abutting landowner if the remaining street furnishes suitable means of access. *Id.* We find the instant situation comparable to that in *Archenhold.*

Samuels testified that, before the taking, the dealership had one driveway off Loop 820 and two drives off Booth Calloway. Samuels also conceded that he could have a driveway along the seventy-foot area fronting Loop 820 that he would retain after the taking. Additionally, Samuels's expert, land planner William Carson, told the jury that he had been asked to look at the property after the taking to determine the best way to make it function thereafter. Carson developed a plan to "mitigate" the effect of the taking of the land and access rights. Samuels's appraiser, David Bolton, also conceded that appellees could put a driveway from Loop 820 into the dealership in the remaining seventy feet of property along the highway.

█ Although there was ample evidence that appellees would have to make changes to the dealership's configuration to manage traffic flow in the remainder, the fundamental issue in this case is whether the taking constituted a material and substantial impairment of access. Our understanding of *Archenhold* and *DuPuy* leads us to conclude that where, as here, a property owner retains full access to one major thoroughfare, in addition to seventy feet of access to a second thoroughfare, there has been no material and substantial impairment of access. The trial court should have made a formal ruling on this issue; that it failed to do so was error. Additionally, the trial court's *de facto* ruling that the denial of access was material and substantial so as to warrant proof of damages was also error. We conclude that it was an abuse of the trial court's discretion to bar testimony from the State's witnesses because their estimates did not include an allocation for loss-of-access damages.

█ Appellees argue that the State waived its complaint because it conceded in a pretrial hearing that the dealership's evidence about the value of the remainder, which included damages arising from the taking of access, was admissible and conceded that the State's pretrial motion to exclude

the evidence was moot. We disagree with this conclusion. Although appellees direct our attention to portions of the pretrial hearing transcribed in the statement of facts, our reading of the relevant excerpts does not lead us to the conclusion that the State made any such concession. Although appellees contend that their expert's testimony regarding the denial of access along Loop 820 was admitted without objection from the State, the State in fact attempted to take the witness on voir dire regarding the loss of access and was denied that opportunity.

Point of error one is sustained. Because this point is dispositive of the appeal, we have no need to address point of error two.

The judgment of the trial court is reversed, and this case is remanded to the trial court for a new trial in accordance with this opinion.