NO. 07-04-0098-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 24, 2005


______________________________



THE ULLOM FAMILY PARTNERSHIP, LTD., 



 Appellant


v.



CITY OF LUBBOCK, TEXAS, 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2002-593,630; HON. PAULA LANEHART, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 This is an impairment of access case brought by the Ullom Family Partnership, Ltd.
(the Partnership) against the City of Lubbock. The former contended that it was entitled
to compensation when the latter caused the relocation of a local railroad track. Before the
relocation of the track, the Partnership allegedly enjoyed access to the east side of a 204-
acre parcel of realty that it sought to eventually develop as a residential area. At the time
of the supposed taking, however, the acreage was undeveloped. The trial court concluded
that the Partnership was not entitled to compensation because the "relocation of the
railroad . . . did not materially or substantially impair [its] access to [its] property . . . ." Now
pending before us are nine points of error attacking that determination. Each involves the
legal and factual sufficiency of the evidence supporting it. We overrule them and affirm the
judgment.

 As held by our Supreme Court, whether a property owner is entitled to compensation
due to damage caused by the exercise of a government's power of eminent domain is a
question of law. County of Bexar v. Santikos, 144 S.W.3d 455, 459 (Tex. 2004); State v.
Heal, 917 S.W.2d 6, 9 (Tex. 1996). Furthermore, impairing access to one's property is
compensable but only if the impairment is material and substantial, County of Bexar v.
Santikos, 144 S.W.3d at 459, and that too is a question of law. State v. Heal, 917 S.W.2d
at 9. Next, that a public project simply requires increased circuity of travel to one's property
does not alone rise to the level of a compensable injury. County of Bexar v. Santikos, 144
S.W.3d at 459; State v. Wood Oil Distr., Inc., 751 S.W.2d 863, 865 (Tex. 1988). Simply
put, a governmental body need not compensate a land owner for diminishing access to his
land "provided suitable access remains." State v. Heal, 917 S.W.2d at 11.

 Among the various attacks levied upon the trial court's fact findings none were made
against that stating: "[b]efore and after the taking, the 204.14 acre tract has access to a
public road from the West via Upland Avenue which abuts the 204.14 acre tract to the
West." In other words, the Partnership does not dispute that it has complete access to its
undeveloped property via an open, paved public road abutting the west side of the land. 
Instead, it decries the loss of access from the east. Yet, having complete access from the
west likens the situation before us to those involving inconvenience arising from increased
circuity of travel. Nothing but increased time and short distance physically impedes the
Partnership from utilizing the property as a locale for homes in the future. Consequently,
its circumstance is quite distinguishable from those wherein the trial court found access to
be substantially and materially impaired. See e.g. City of Waco v. Texland Corp., 446
S.W.2d 1, 4 (Tex. 1969) (wherein the location of piers supporting a viaduct rendered it
"'most difficult'" for trucks to maneuver to the loading docks of warehouses and
manufacturing businesses); City of Beaumont v. Marks, 443 S.W.2d 253, 256 (Tex. 1969)
(wherein the narrowing of the street and its turning radius impeded and prevented large
trucks from approaching the warehouses in the area). 

 In sum, we hold, as a matter of law, that while the relocation of the railroad may
inconvenience or interfere with those traveling to the 204-acre tract in question, it did not
substantially or materially impair access to the land. Accordingly, the final order of the trial
court denying the Partnership recovery against the City is affirmed.


 Brian Quinn

 Justice







1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004-05).