NO. 12-03-00370-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WALTER H. BALLARD,                                   §                 APPEAL FROM THE 258TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

CARRIE DAVIS ALLEN,
APPELLEE                                                        §                 SAN JACINTO COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION ON REHEARING
            Walter H. Ballard filed a motion for rehearing. We requested a response from Carrie Davis
Allen. In her response, Allen declined to substantively respond to Ballard’s issues on rehearing, but
rather, adopted our opinion dated March 23, 2005. Ballard’s motion for rehearing is granted. We
withdraw our opinion and judgment dated March 23, 2005 and substitute the following opinion and
corresponding judgment in its place.
            Ballard, proceeding pro se, appeals the trial court’s order granting summary judgment in
favor of Allen. Ballard raises two issues on appeal. We reverse and remand.
 
Background
            Allen filed suit seeking to quiet title to land conveyed to her by warranty deed on January 19,
2001, by her ex-husband, James Allen. At the time of the conveyance, James Allen was incarcerated
and owed Allen back child support. Allen subsequently had the deed recorded in the offices of the
San Jacinto County Clerk on June 22, 2001. Unbeknownst to Allen, James Allen had conveyed the
same property to Ballard on December 2, 1999. However, Ballard did not record his deed until
August 20, 2001.
            Allen filed a motion for summary judgment on April 30, 2003. In support of her motion for
summary judgment, Allen attached an affidavit in which she stated as follows:
 
I took title to the property from my ex-husband, JAMES ALLEN for a good and valuable
consideration to-wit: credit towards his child support obligation in the amount of $10,000.00 towards
the over $22,000.00 that he is in arrears on his child support.
 
I had no knowledge of any deed that Walter H. Ballard claims to have had . . . at the time that I got
my deed to the property as a credit against the child support owed to me by James Allen.


The warranty deed transferring the land from James Allen to Allen containing the county clerk’s file
stamp was attached as an exhibit to Allen’s motion as was the file-stamped warranty deed
transferring the subject property from James Allen to Ballard. 
            Ballard filed a response to Allen’s motion contending that the conveyance from James Allen
to Allen was not supported by consideration and, furthermore, was void for illegality as it sought to
reduce James Allen’s child support obligation. Ballard also objected to Allen’s affidavit as “self-serving.” Moreover, Ballard objected to the participation by “any assigned visiting judge” in the case
pursuant to Texas Government Code, section 74.053. 
            Allen’s motion was set to be heard on June 23, 2003. On that date, the Honorable Jim
Keeshan, the assigned visiting judge, noted Ballard’s objection and passed the hearing until July 23,
2003. On July 23, 2003, the Honorable Tom McDonald, also a visiting judge, granted Allen’s
motion for summary judgment. Ballard filed a motion for new trial, which was overruled by
operation of law. This appeal followed.
 
Standard of Review
            In reviewing a traditional motion for summary judgment, this court must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548–49 (Tex. 1985),
which are as follows:
 
              1.           The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;
 
              2.           In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and
 
              3.           Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.


See id.; May v. Nacogdoches Mem’l Hosp., 61 S.W.3d 623, 628 (Tex. App.–Tyler 2001, no pet.). 
For a party to prevail on a motion for summary judgment, he must conclusively establish the absence
of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). A movant must either negate at least one essential element of the nonmovant's
cause of action or prove all essential elements of an affirmative defense. See Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); see also MMP, Ltd. v. Jones, 710
S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about the
existence of a genuine issue of a material fact are resolved against the movant, we must view the
evidence and its reasonable inferences in the light most favorable to the nonmovant. See Great Am. 
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). We are
not required to ascertain the credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof. See Gulbenkian v. Penn, 151
Tex. 412, 252 S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material
fact is presented. See Tex. R. Civ. P. 166a(c).
            Once the movant has established a right to summary judgment, the nonmovant has the burden
to respond to the motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678-79 (Tex. 1979). All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).
 
Suit to Quiet Title
            In his first issue, Ballard argues that the trial court erred in granting summary judgment. 
Specifically, Ballard argues that (1) the warranty deed was secured without consideration, (2) the
warranty deed was secured pursuant to an agreement to reduce child support, which is prohibited by
law, (3) Allen’s self-serving affidavit was insufficient to support summary judgment, and (4) there
is a fact issue as to whether Allen had constructive notice of the prior conveyance of the subject
property to Ballard.
            A trespass to try title action is the exclusive remedy by which to resolve competing claims
to property. See Tex. Prop. Code Ann. § 22.001 (Vernon 2000); Ely v. Briley, 959 S.W.2d 723,
727 (Tex. App.–Austin 1998, no pet.). Any suit that involves a dispute over title to land is, in effect,
an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief
is sought. Jordan v. Exxon Corp., 802 S.W.2d 880, 883 (Tex. App.–Texarkana 1991, no pet.).
            The principal issue in a suit to quiet title is the existence of a cloud that equity will remove. 
See Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ. App.–Waco 1980, writ ref’d n.r.e.). The action lies
to enable the holder of the feeblest equity to remove any unlawful hindrance having the appearance
of a superior right that lies as an obstacle to his legal right to the property. See id. (citing Thompson
v. Locke, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). In other words, the plaintiff’s purpose is to
have the defendant’s claims judicially declared to be unfounded. See Temple Trust Co. v. Logan,
82 S.W.2d 1017, 1019 (Tex. Civ. App.–Amarillo 1935, no writ). In a suit to quiet title, the plaintiff
must show ownership of the disputed property, see Aransas Properties, Inc. v. Brashear, 410
S.W.2d 934, 941 (Tex. Civ. App.–Corpus Christi 1967, writ ref’d n.r.e.), and that the alleged adverse
claim is a cloud on the title that equity will remove. See Walker v. Haley, 236 S.W. 544, 545 (Tex.
Civ. App.–Texarkana 1921, no writ).
            A conveyance of real property is void as to a subsequent purchaser for valuable consideration
without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record
as required by law. See Tex. Prop. Code Ann. § 13.001(a) (Vernon 2004). Conversely, the
unrecorded instrument is binding on a subsequent purchaser who does not pay a valuable
consideration or who has notice of the instrument. See Tex. Prop. Code Ann. § 13.001(b) (Vernon
2004).
Consideration
            Ballard first argues that the conveyance of property to Allen was not supported by
consideration. What constitutes consideration is a question of law. See Brownwood Ross Co. v.
Maverick County, 936 S.W.2d 42, 45 (Tex. App.–San Antonio 1996, writ denied). Consideration
is a bargained-for exchange of promises and consists of either a benefit to the promisor or a loss or
detriment to the promisee. Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991);
Turner-Bass Assoc. v. Williamson, 932 S.W.2d 219, 222 (Tex. App.–Tyler 1996, writ denied). The
detriment must induce the making of the promise, and the promise must induce the incurring of the
detriment. Roark, 813 S.W.2d at 496. For example, paying money or surrendering a legal right
ordinarily represents valid consideration. See Northern Nat. Gas Co. v. Conoco, Inc., 986 S.W.2d
603, 607 (Tex. 1998). However, the doing of an unlawful act is not valid consideration. See
Seeligson v. Lewis & Williams, 65 Tex. 215, 222–23 (1885); Scoggins v. Furst & Thomas, 9
S.W.2d 405, 406 (Tex. Civ. App.–Texarkana 1928, writ dismissed) (a consideration arising out of
an illegal contract is not recognized as sufficient under the law to support any obligation). 
            The subsequent purchaser bears the burden of proving that she gave valuable consideration
for the property. See Raposa v. Johnson, 693 S.W.2d 43, 46 (Tex. App.–Fort Worth 1985, writ
ref’d n.r.e.). Mere recitals of consideration in the deed, standing alone, are not sufficient to meet this
burden of proof. Id. at 47.


 In her affidavit, Allen states that the consideration for the subject
property was a $10,000.00 credit toward child support arrearage of more than $22,000.00 owed to
her by James Allen. 
            Parties may enter into written agreements concerning child support obligations, but such
agreements must be approved by the court with jurisdiction over the matter after considering the best
interests of the child. See Tex. Fam. Code Ann. § 154.124 (Vernon Supp. 2004–05). The
legislature intended that courts exercise independent judgment in matters affecting children including
the support obligation. Williams v. Patton, 821 S.W.2d 141, 143 (Tex. 1991). Thus, parties are
prohibited from settling claims concerning child support arrearage without court approval. Id.
            In the case at hand, the consideration to which Allen refers in her affidavit amounts to an
agreement to satisfy a portion of James Allen’s child support obligation to her. Yet, without
evidence that such an agreement was approved by the court with jurisdiction over the matter, Allen
did not supply the trial court with sufficient evidence to meet her burden of proof that her purchase
of the subject property was for valuable consideration inasmuch as doing of an unlawful act is not
valid consideration. See Seeligson, 65 Tex. at 222–23. We conclude that Allen did not demonstrate
that she was entitled to judgment as a matter of law. Thus, the trial court erred in granting summary
judgment in Allen’s favor. Ballard’s first issue is sustained.


 
 
Conclusion
            Having sustained Ballard’s first issue, we reverse the judgment of the trial court and remand
the matter for further consideration consistent with this opinion.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered May 4, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.














(PUBLISH)